Dorothy C. PATRICK, Trustee, Patrick Family Trust *v.*
Don McSPERITT

CA 97-1555                                      983 S.W.2d 455

Court of Appeals of Arkansas
Division III
Opinion delivered December 23, 1998

*Gary L. Carson, P.A.*, by: *Gary L. Carson*, for appellant.

*Billy J. Allred*, for appellees.

S AM BIRD, Judge. Appellant, the Patrick Family Trust, represented by Trustee Dorothy C. Patrick, filed suit in Madison County to quiet title by adverse possession to a piece of property directly across the street from the family's home. The evidence was clear and convincing that the Patrick family had used and possessed the land and a "shop" located on it for more than fifty years. Quiet title was denied appellant because in 1995 the legislature had revised the adverse possession statute and added a provision requiring that the person attempting to show adverse possession of land prove that he "[h]eld color of title to real property *contiguous* to the property being claimed by adverse possession." Ark. Code Ann. § 18-11-106 (Supp. 1997) (emphasis added). Because a street separated the Patrick's family property from the shop property, the chancellor found the contiguous requirement was lacking.

The cases defining the term "contiguous" generally fall into the categories of annexation, eminent domain, or homestead exemption. *Seligson v. Seegar*, 211 Ark. 871, 202 S.W.2d 970 (1947), involved tax-forfeited land advertized as two separate parcels. The court held that two forty-acre tracts were not contigu-

ous because they did not touch; in fact, their nearest corners were approximately one-fourth mile apart. That court cited *Webster's Dictionary* and *Bouvier's Law Dictionary* as defining contiguous as "in actual contact; touching."

■ The same definition was relied upon in *Kalb v. City of West Helena*, 249 Ark. 1123, 463 S.W.2d 368 (1971), which was an annexation case. Our statutes generally require land to be annexed by a city to be contiguous to the municipality. *See, e.g.*, Ark. Code Ann. § 14-40-201 (Repl. 1998). In *Kalb* the court repeated the *Seligson* definition of contiguous, and said, "we understand contiguous lands to be those not separated from the municipal corporation by outside lands." *See also Clark v. Holt*, 218 Ark. 504, 237 S.W.2d 483 (1951).

■ The chancellor found that appellant had proven adverse possession; however, the street destroyed the required contiguity with their other property. Under the circumstances of this case, and the case law cited above, we cannot say the decision of the chancellor was clearly erroneous or clearly against the preponderance of the evidence.

Appellant did not raise the issue of whether Ark. Code Ann. § 18-11-106 should be given retroactive effect where the adverse possession has evolved into ownership before the statute was changed; therefore, we will not address it.

Affirmed.

JENNINGS and ROAF, JJ., agree.