Bettie Katherine SHIVEY *v.* Kenneth Paul SHIVEY

98-1366                                                      987 S.W.2d 719

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*Samuel A. Perroni*, for appellant.

*H. Oscar Hirby*, for appellee.

ROBERT L. BROWN, Justice. ■ Appellee Kenneth Paul Shivey moved to dismiss the appeal filed by appellant Bettie Katherine Shivey on several grounds. The court of appeals granted the motion to dismiss, and appellant petitioned for a review of the dismissal in this court. We granted review on January 21, 1999. When we grant review, we consider the matter as if the appeal, or in this case the motion, were originally filed in this court. *See Youngman v. State Farm Mut. Auto Ins.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

The facts of the case are these. On October 3, 1997, a hearing was held before the Conway County Chancery Court to determine whether the appellee should have his child support obligation modified. The chancery court granted the modification, which decreased the amount of child support, and awarded it retroactively to June 17, 1997. It was first believed that the order was signed and filed on October 31, 1997. The parties later discovered that the original order had not been filed with the chancery clerk on that date. On April 8, 1998, the order modifying child support was filed. On April 20, 1998, appellant filed an Ark. R. Civ. P. 60 motion and contended that the order did not correctly reflect the chancery court's ruling in that it allowed for a retroactive modification and, thus, fraud had been practiced on the court. The chancery court never ruled on this motion.

On June 18, 1998, appellant filed a notice of appeal. On October 5, 1998, appellee filed his motion to dismiss the appeal based on three grounds: (1) the notice of appeal was untimely, (2) the notice of appeal was insufficient because it did not contain a statement by the appellant that she had made financial arrangements with the court reporter as required by Ark. R. App. P.— Civil 3(e), and (3) the appellant did not properly state the points she was relying on for appeal. On October 28, 1998, the court of appeals granted appellee's motion and dismissed the appeal. The appellant filed a petition for reconsideration, and the court of appeals clarified the reasons for its dismissal in a *per curiam* opinion dated December 16, 1998. *Shivey v. Shivey*, CA 98-1127 (December 16, 1998) (*per curiam*). In that opinion, the court stated:

> Appellant's motion to reconsider is premised on the erroneous belief that we dismissed the appeal for the second of the three grounds stated in appellee's motion to dismiss. In fact, our decision to dismiss was based on appellee's primary argument: that appellant's notice of appeal was untimely under Rule 4.

In her petition for review filed in this court, the appellant argues that her Rule 60 motion extended the time for filing the notice of appeal. We disagree. Our appellate rules state:

>(a) Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. . . .

>(b) Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b), of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or of a motion for a new trial under Rule 59(b), the time for filing the notice of appeal shall be extended as provided in this rule.

Ark. R. App. P.—Civil 4(a) and (b).

■ It is clear to this court that the appellant did not file her notice of appeal on time. Her notice of appeal was filed on June 18, 1998, which was seventy-one days after the April 8, 1998 order was entered. She did file a Rule 60 motion after the order was entered, but that motion clearly did not extend the time for filing her notice of appeal. By its plain language, Appellate Rule 4(b) provides that the only motions that will extend the time for filing a notice of appeal are a motion for JNOV pursuant to Rule 50(b), a motion to amend the court's findings of fact or to make additional findings of fact under Rule 52(b), and a motion for new trial under Rule 59(b).

■ The appellant continues, however, that because the chancery court did not rule on her Rule 60 motion, it was deemed denied after the expiration of thirty days from its filing. Thus, since it was filed on April 20, 1998, it was deemed denied on May 20, 1998. She reasons that her notice of appeal was timely filed on June 18 — twenty-nine days after the motion was deemed denied. But, again, Rule 4(c) specifically states that if a timely motion "listed in section (b) of this rule" is filed in the trial court, the time for appeal shall run from the entry of the order granting or denying the motion. A Rule 60 motion is not listed in section (b) of the rule.

Because we decide this matter based on the untimeliness of the notice of appeal, we need not address the other deficiencies alleged by appellee regarding the notice of appeal. We point out, however, that the requirement for the financial arrangements lan-

guage to be included in a notice of appeal has been stricken. *In Re Rule 3*, 336 Ark. 645 (1999) (*per curiam*).

Motion granted and appeal dismissed.

IMBER, J., not participating.