James L. ROBERTS and Cynthia A. Roberts *v.*
Robert Dale BOYD; Kennie Mae Boyd
and Donald Winningham

CA 05-568                                           230 S.W.3d 301

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

---

*Hodson, Woods & Snively, LLP*, by: *Bryan Sexton*, for appellants.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Curtis E. Hogue*, for appellees.

Wendell L. Griffen, Judge. James and Cynthia Roberts appeal from the denial of their request for a new trial after the trial court denied their request to quiet title in them to certain property owned by appellee Donald Winningham, whose predecessors-in-title were appellees Robert and Kennie Mae Boyd. The Robertses argue that the trial court erred in determining that they could not establish adverse possession because the land they claimed was not contiguous to their own property. We reverse and remand for further proceedings because the trial court misinterpreted the "contiguous" requirement under the adverse-possession statute.

The Boyds purchased their property in 1981. At that time, a barbed-wire fence ran between the Boyds' property and the property to the east, which was purchased by the Robertses in 1990 via a land commissioner's sale. It is undisputed that the parties treated the fence line as the property line and that the Robertses performed various acts of ownership of the disputed area, such as sporadic maintenance of the fence and continually using the property as a pasture for horses. While the presence of a ditch on the east side of the fence made it impossible for the Robertses to mow up to the fence line, they mowed and bushhogged the ditch area as close to the fence as they could. Finally, it is undisputed that the Robertses had color of title to their property and paid the requisite ad valorem taxes on their property.

The Boyds had a survey performed in 2002, referred to in the record as the "Jorgensen survey," which revealed that the true property line, according to the parties' deeds, ran from seventy-five to ninety-six feet on the Robertses' side of the barbed-wire fence. Pursuant to this survey, new boundary lines were marked and staked. During the summer of 2004, after seeing the markers,

Mr. Roberts contacted Mr. Boyd and was informed that the Boyds were claiming the property according to the new markers. Mr. Roberts was further informed of the Boyds' intention to sell the property to appellee Winningham.

The Robertses filed suit against both the Boyds and Winningham to quiet title to the disputed portion of the property. The Boyds subsequently issued Winningham a deed to the property (Winningham deed).[1] Winningham began removing the old fence and built a new fence based on the boundaries as determined by Doug Hemmingway, a surveyor who relied on the Jorgensen survey. The Robertses obtained an injunction to prevent further removal of the fence, pending the outcome of this case. Appellees counterclaimed, requesting that the court declare the boundary between the property established by the new barbed-wire fence constructed by Winningham pursuant to the Jorgensen survey.

The trial court granted appellees' request declaring Winningham to be the owner of the property, which is described as:

> A part of the Southeast Quarter (SE 1/4) and a part of the Southwest Quarter (SW1/4) of Section 3, Township 16 North, Range 31 West in Washington County, Arkansas and being more particularly described as follows: Beginning at the center of Section 3, thence N 88° 21'42" E, 328.75 feet; thence S 00°57'25" W, 2038.91 feet to the North right-of-way of Double Springs Road; thence along said right-of-way S 72°06'57" W, 196.64 feet; thence S 69°46'59" W, 30.15 feet; thence leaving said right-of-way, N 13°05'35" W, 381.89 feet; thence S 83° 57'47" W, 50.15 feet; thence N 00°04'29" E, 180.26 feet; thence S 85°53'37" W, 356.80 feet; N 00°55'41" E, 567.62 feet; thence N 82°47' 17" W, 255.98 feet; thence N 64°59'19" W, 173.49 feet; thence N 01°00'13" E, 882.86 feet; thence N 88°21'42" E, 800.23 feet to the Point of Beginning. Containing 38.17 acres more or less and subject to easements and rights-of-way of record.

In so doing, the court did not find that the Robertses failed to demonstrate sufficient acts of ownership to claim title to the land by adverse possession. Rather, based on Hemmingway's testimony, the court found that the Robertses' westernmost boundary was "at least 50 feet short of" the Boyds' easternmost

---

[1] We were unable to ascertain why the Boyds did not move to be dismissed from the case after the sale of the property.

boundary, and determined that the Robertses failed to prove that the property to which they claimed title by adverse possession was contiguous to their own property.

The trial court thereafter denied the motion for a new trial filed by the Robertses, pursuant to Arkansas Rule of Civil Procedure 59(a)(8). This rule allows a trial court to grant a new trial based on an error of law occurring at the trial that was objected to by the party making the application and which affected the substantial rights of the party. *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995). The decision to grant or deny a new trial under Rule 59(a)(8) is within the discretion of the trial court, and that decision is not reversed absent a manifest abuse of discretion, that is, discretion exercised thoughtlessly and without due consideration. *Montgomery Ward & Co., Inc. v. Anderson*, 334 Ark. 561, 976 S.W.2d 382 (1998). We reverse and remand because the trial court erred in denying the Robertses' request for a new trial.

The Robertses claim title by adverse possession pursuant to Ark. Code Ann. § 18-11-106(a)(2) (Supp. 2005), which provides that the person claiming title to property by adverse possession must have had actual or constructive possession of the property being claimed and must have had color of title to the real property contiguous to the real property being claimed by adverse possession for at least seven years, and during that time must have paid ad valorem taxes on the contiguous real property to which the person has color of title. Additionally, the person claiming the property must demonstrate that his possession of the property met the common law elements of establishing adverse possession: possession of the land for at least seven years that was visible, continuous, notorious, distinct, exclusive, hostile, and with intent to hold against the true owner. Ark. Code Ann. § 18-11-106(c); *Dillard v. Pickler*, 68 Ark. App. 256, 6 S.W.3d 128 (1999).

The case upon which the trial court relied was *Patrick v. McSperritt*, 64 Ark. App. 310, 983 S.W.2d 455 (1998). In that case, the property claimed was across the street from the property owned by the parties claiming adverse possession. The *McSperritt* court determined that "contiguous" for purposes of the adverse-possession statute means in actual contact or touching. Thus, pursuant to *McSperritt*, the actual property claimed by adverse possession must be in contact with or must touch the property to which the adverse possessors own color of title and on which they have paid ad valorem taxes.

*McSperritt* does not compel affirmance here. The property gap in this case is a "manufactured" gap based on the property descriptions in the parties' deeds, as recognized by the Jorgensen survey. According to the Jorgensen survey, the Robertses' property never touches Winningham's property because it "misses" his property by a distance of six to fifty feet along Winningham's eastern border. Thus, the property described in the Robertses' deed is not contiguous to the property described in Winningham's deed, hence producing the "gap property."

However, unlike the street that disrupted the contiguous nature of the property in the *McSperritt* case, here there are no physical boundaries to disrupt the contiguous nature of the property that lies between Robertses' western border and Winningham's eastern border, which includes the gap property. Winningham's property is contiguous to the gap property on the west and the Robertses' property is contiguous to the gap property on the east. Because the Robertses clearly claim title to all of the property from their western border to Winningham's eastern border, including all of the gap property, there is no gap between the property owned by the Robertses and the land they claim by adverse possession (in other words, the property owned by the Robertses *is contiguous* to the property they claim by adverse possession).

■ Thus, the fact that the Robertses' property and Winningham's property as described in their respective deeds is not contiguous did not warrant a finding that the Robertses did not adversely possess all of the gap property that lies between their respective properties because § 18-11-106(a)(2) requires only that the real property owned by the party claiming adverse possession be *contiguous to the property claimed by adverse possession*. Here, as previously noted, it is clear that the Robertses' property *is* contiguous to the property that they claim by adverse possession.

Presumably because the trial court misinterpreted the "contiguous" requirement of the adverse-possession statute, it dismissed with prejudice the Robertses' claim against Winningham without making any findings regarding the sufficiency of the Robertses' acts of ownership over any property owned by Winningham that is contiguous to the Robertses' property. It may be that Winningham is the true owner of some or all of the gap property and possesses an incorrect deed. It may be that the Robertses are the true owners of some or all of the gap property

and possess an incorrect deed. It may be that an inaccurate survey created the gap. However, there is no evidence or even a suggestion in the record that a third parcel is involved or that a third party is involved. What is clear is that we have no findings regarding the sufficiency of the Robertses' acts of ownership regarding any property that is contiguous to their property that is owned by Winningham.

Only if the trial court determines that neither Winningham nor the Robertses can be the true owner of any gap property that is contiguous to the Robertses' property, can it then determine that the contiguous requirement of § 18-11-106(a)(2) defeats the Robertses' claim. Thus, it is necessary to reverse and remand for the trial court to make such additional determinations as are necessary.

Reversed and remanded.

BIRD, CRABTREE, BAKER, and ROAF, JJ., agree.

ROBBINS, J., dissents.

JOHN B. ROBBINS, Judge, dissenting. I would affirm the trial court's decision because it did not err in finding that the contiguous requirement of Ark. Code Ann. § 18-11-106(a)(2) (Supp. 2005) defeated the appellants' adverse possession claim. I cannot agree with the majority's conclusion that the Robertses' property is contiguous to the property that they claimed by adverse possession. From the Robertses' complaint, it is evident that they were claiming adverse possession to Mr. Winningham's property as identified by the Jorgenson survey and, as the majority points out, this survey showed that the properties described in the parties' deeds are not contiguous. It is not apparent that the Robertses were claiming ownership of the gap property, but even if they were, they were pursuing something that the trial court lacked the authority to do, given that the record title holder was unknown and notice of the quiet-title action had not been published pursuant to Ark. Code Ann. § 18-60-503 (Repl. 2003). *See Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000).

Moreover, I disagree with the majority's decision to remand for additional findings regarding ownership of the gap property. The appellants were required to establish that their property was contiguous to Mr. Winningham's, and the trial court concluded that this was not proved. There was no evidence whatsoever that Mr. Winningham or the Robertses held record title to the gap

property, and I see no reason for the trial court to reconsider a finding that it has already made on the evidence presented.

For these reasons, I respectfully dissent.