Jon R. SANFORD  *v.*  Johnnie Belle Morgan HARRIS,
and James Harold Harris, Husband and Wife

06–306                                    242 S.W.3d 277

Supreme Court of Arkansas
Opinion delivered November 2, 2006

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellant.

*Iris L. Muke*, for appellees.

Jim Gunter, Justice. This case involves an order granting sanctions under Rule 11 of the Arkansas Rules of Civil Procedure. Appellant Jon Sanford appeals the circuit court's order imposing sanctions against appellees' attorney, Jeff Mobley, and ordering Mr. Mobley to pay $1,000 to Mr. Sanford. Mr. Sanford argues that the circuit court abused its discretion by awarding an amount less than he requested in his motion for sanctions. We affirm the order of the circuit court.

Mr. Sanford represented Ms. Dorothy Goodwyn in an earlier lawsuit against appellees Johnnie Belle Morgan Harris and James Harold Harris to set aside a deed granting property owned by Ms. Goodwyn to appellees.[1] In the lawsuit, Ms. Goodwyn alleged that appellees had wrongfully obtained the deed from her and filed it of record without her knowledge or consent. Appellees filed this lawsuit against Mr. Sanford in response to the Goodwyn lawsuit. Appellees alleged that they were the lawful owners of the property, that Ms. Goodwyn had given the deed to Ms. Harris, that Ms. Harris and Ms. Goodwyn went together to have the deed filed of record, and that the allegations in the lawsuit against them were false. Appellees also alleged that the filing of the lawsuit by Mr. Sanford and his actions in pursuance thereof were performed with malice, that the statements were false, and that Mr. Sanford did not make sufficient investigation into the facts before filing the Goodwyn lawsuit. Appellees requested actual and punitive damages in the amount of $650,000.

Mr. Sanford filed a motion for summary judgment; appellees filed a motion for partial summary judgment. On March 1, 2005, the circuit court entered an order denying appellees' motion for partial summary judgment, granting Mr. Sanford's motion for summary judgment, and dismissing the case with prejudice. No appeal was taken from that order.

On August 9, 2005, Mr. Sanford filed a motion for Rule 11 sanctions against appellees' counsel, Mr. Mobley. He alleged that Mr. Mobley was motivated by ill will in filing and continuing the lawsuit and that the allegations in the complaint were not grounded in fact nor warranted by existing law, as evidenced by the court's order denying appellees' motion for partial summary judgment and granting his motion for summary judgment. Moreover, Mr. Sanford argued, Mr. Mobley did not identify any

---

[1] We will refer to this lawsuit as the "Goodwyn lawsuit."

principle of current law that should be changed and did not appeal the dismissal of appellees' case. Finally, Mr. Sanford alleged that he attempted "to prompt" Mr. Mobley to abandon the claims against him and then to resolve his attorney's fees without filing a motion for sanctions, but Mr. Mobley refused. Because he was unsuccessful in his efforts to prompt Mr. Mobley to dismiss the case voluntarily, Mr. Sanford claimed that he was forced to spend time and incur costs to defend the lawsuit. He asked the court to award him attorney's fees in the amount of $3,135 and attached billing records recording the time he allegedly spent defending the lawsuit at a rate of $150 per hour.

Mr. Mobley responded to the motion for sanctions, arguing that the complaint was well grounded in fact and properly warranted by existing defamation law. Mr. Mobley also alleged that Mr. Sanford sent a letter to appellees threatening them with additional claims that the appellees maintained were false and defamatory if they did not sign an enclosed deed conveying their property to Ms. Goodwyn. Mr. Mobley stated that he completely investigated the matter before filing a complaint. In addition, Mr. Mobley stated that Mr. Sanford sent a letter to Mr. Mobley over a year before the court ruled on the motions for summary judgment, alleging that the lawsuit "has some adverse Rule 11 potential for you," and saying that he planned "to seek Rule 11 relief, but will forego it if you [Mr. Mobley] wish to discontinue the matter through a dismissal with prejudice." Mr. Mobley's response alleged that he and the appellees felt intimidated and harassed by Mr. Sanford and also felt that his slanderous statements about the appellees were actionable at law. Next, Mr. Mobley argued that an appeal is expensive and the appellees' decision not to file an appeal was a financial decision, not an admission that they were wrong. Finally, Mr. Mobley maintained that Mr. Sanford's own mistakes increased the time he spent defending the lawsuit because he erred in his answer to the complaint by admitting that Ms. Goodwyn and the appellees filed the deed jointly. Mr. Sanford spent time filing numerous pleadings to correct the error and to apologize to the court.

The court held a hearing on the motion for sanctions on November 2, 2005, and entered an order on December 27, 2005, stating that Mr. Sanford "should prevail and that his damages should be fixed at $1,000" and ordering Mr. Mobley to pay the sum of $1,000 to Mr. Sanford. This appeal arises from that order.

We review a trial court's determination of whether a violation of Rule 11 occurred and what the appropriate sanction should be under an abuse-of-discretion standard. *Pomtree v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 657, 666, 121 S.W.3d 147, 153 (2003). In our review, we give the trial court's determination "substantial deference." *Id.*

Mr. Sanford appeals from the circuit court's order imposing sanctions against Mr. Mobley, claiming that the circuit court erred in not requiring Mr. Mobley to pay to Mr. Sanford the entire amount of attorney's fees that he requested.[2] Specifically, Mr. Sanford argues that Rule 11 should be administered both to punish the wrongdoer appropriately and to make the victim — Mr. Sanford in this case — whole. He argues that he was not "made whole" because the court's sanction did not include all of the attorney's fees he requested.

Mr. Mobley responds, maintaining that this court has already established a primary purpose for Rule 11: to avoid litigation abuse. Mr. Mobley argues that Mr. Sanford's appeal to suggest another purpose for sanctions violates that basic purpose by continuing to pursue litigation in order to increase his own fees. Mr. Mobley claims that he has admitted his mistake, has not appealed the imposition of sanctions, and has attempted to pay Mr. Sanford to avoid further litigation. The circuit court reviewed the pleadings, held a hearing, and imposed a sanction. Mr. Mobley maintains that the circuit court made its decision because it felt that the appellees had no legal right to sue Mr. Sanford based on his representation of Ms. Goodwyn. Mr. Mobley argues that the circuit judge noted that Mr. Mobley was "a fine lawyer" and that he has "known his reputation many years and I think he overstepped it this time." He argues that the circuit court did not abuse its discretion in refusing to impose a sanction equal to the amount requested by Mr. Sanford.

We begin our analysis with Rule 11 of the Arkansas Rules of Civil Procedure.[3] Rule 11 provides that, if the court determines

---

[2] We note that Mr. Sanford has also filed with this court a supplemental motion for fees and costs to add an hourly charge for the time he has spent pursuing this appeal and the additional costs incurred in copying and filing his brief. Mr. Sanford alleges in that motion that the new total for these additional costs and his professional time is $6,616.19.

[3] We note that, because Mr. Mobley has not appealed the imposition of a sanction, the only matter before us is the amount of the sanction imposed.

that the rule has been violated, "the court, upon motion or upon its own initiative, shall impose upon the person who [violated the rule], an appropriate sanction, which *may include* an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Ark. R. Civ. P. 11(a) (2006) (emphasis added). Section (b) of Rule 11, which describes the method for filing a motion for sanctions, provides that, "[i]f warranted, the court *may* award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the sanction." Ark. R. Civ. P. 11(b) (2006) (emphasis added).

The language in the rule suggests that, while a sanction "shall" be imposed for violation of the rule, the court is not required to impose an attorney's fee. Rule 11(a) states that the sanction "may include" an order to pay "reasonable expenses incurred . . . including a reasonable attorney's fee." Moreover, any fee imposed is limited by the term "reasonable." In interpreting our own rule, we have looked to the federal courts' interpretation of federal Rule 11. *See Crockett & Brown, P.A. v. Wilson,* 321 Ark. 150, 159, 901 S.W.2d 826, 830 (1995). The federal Rule 11 is instructive in this case in explaining the nature of sanctions:

> A sanction imposed for violation of this rule *shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.* Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a non-monetary nature, an order to pay a penalty into court, *or, if imposed on motion and warranted for effective deterrence,* an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2) (2006) (emphasis added). In accordance with this language, we have stated that the primary purpose of Rule 11 sanctions in Arkansas "is to deter future litigation abuse, and the award of attorneys' fees is but one of several methods of achieving this goal." *Pomtree v. State Farm Mut. Automobile Ins. Co.,* 353 Ark. 657, 666, 121 S.W.3d 147, 153 (2003).

We note that, while there is nothing inherently wrong with the principle proposed by Mr. Sanford in this case — that is, to make the victim whole — it is not the purpose of Rule 11. Rather, the purpose of Rule 11 is "to deter future litigation

abuse." *Id.* If in pursuing that purpose the "victim" is made whole, so much the better for the victim. However, Rule 11 concerns sanctioning the wrongdoer and does not require the circuit court either to determine what in fact would make the "victim" whole or to do so. We decline to expand the purpose of Rule 11 in the manner suggested by Mr. Sanford.

Therefore, in determining whether the circuit court abused its discretion in this case, we look at the purpose the circuit court was attempting to achieve: deterring future litigation abuse. At the hearing on the motion for sanctions, Mr. Mobley testified that he had been practicing law since 1952 and had never been sanctioned. His resume includes six years as a special agent with the FBI, eight years as prosecuting attorney, and a term in the Arkansas State Legislature. Mr. Mobley said that, while perhaps he "sued for too much" in this case, he thought his defamation case was legitimate and justified. Finally, after testifying about the letter he received from Mr. Sanford attempting to "prompt" him to settle, he said that he had practiced law for over fifty years and had never written a letter to another attorney threatening him with sanctions.

We hold that the circuit court did not abuse its discretion in setting the amount of sanctions at $1000 rather than $3,135, as requested by Mr. Sanford. First, Rule 11 does not require attorney's fees to be awarded. Second, the fees requested in this case are not for expenses paid by Mr. Sanford to an attorney, but for his own time. Mr. Sanford did not actually incur these expenses, but would have charged a client $3,135 for the amount of time he expended defending his own lawsuit. Finally, we grant the circuit court "substantial" deference in determining an appropriate sanction for violation of Rule 11. The circuit court did not abuse its discretion in determining that $1,000 was sufficient to deter future litigation abuse in this case. Accordingly, we affirm the decision of the circuit court and deny Mr. Sanford's supplemental motion for additional fees and costs.

Affirmed.