John REEVE, Bill King, Pamela Barnum, Joyce Carpenter,
Bill F. Smith, Jimmy Keeland, Kenneth Keeland, Rick Henderson,
Kathleen A. Clark, Anne McGowan, Leola Yeager, Bobby Yeager,
Ardith Ricketts, Randel Clarida, Bill Clarida, James Glisson, Jr.,
Niles Rains, and all Other Carroll County Residents and Taxpayers
Similarly Situtated, Cindy M. Baker, Rule 11 Appellant *v.*
CARROLL COUNTY, Arkansas; the Carroll County Quorum
Court; In Their Official Capacity, Harlos L. Barnum, Morris R. Pate,
Ronald R. Flake, Todd Walker, Don McNeely, Tom Riddle,
Keri Ann Newberry, Albena Link, Larry Swofford, Joe L. Mills,
and John Howerton, Members of the Quorum Court;
Carroll County Sheriff, Bob Grudek; Carroll County Judge,
Richard Williams; Carroll County Clerk, Shirley Doss;
Carroll County Prosecuting Attorney, Robert T. Rogers

07-1239                                           285 S.W.3d 242

Supreme Court of Arkansas
Opinion delivered May 29, 2008

[Rehearing denied September 4, 2008.]

*Cindy M. Baker* and *Rachel A. Runnels*, for appellants.

*W.H. Taylor*, for appellees.

Paul E. Danielson, Justice. This case began as an illegal-exaction suit filed by appellants John Reeve et al. and ended in Rule 11 sanctions granted against counsel for appellants, Cindy M. Baker. Appellants argue on appeal that the circuit court's order issued on May 17, 2007, was not a final order, or, alternatively, that it should have been set aside. Furthermore, Baker contends that the circuit court abused its discretion in finding she violated Rule 11 and by awarding attorney's fees. We affirm the circuit court.

Appellants filed their illegal-exaction claim on October 31, 2006. Appellees, Carroll County et al., responded by filing a joint motion to dismiss on November 17, 2006. The circuit court held a hearing on March 6, 2007, to address appellees' motion to dismiss and a motion to dismiss that had been filed by the prosecuting attorney, which is not at issue in this appeal.

At the hearing, the circuit court recognized the newly elected Quorum Court members and newly elected county officers and substituted those parties as proper defendants where necessary. As the hearing proceeded, the parties informed the court that there was an agreement reached that should lead to a settlement. The circuit court provided counsel with some additional time to discuss their agreement and specific stipulations, and the parties proceeded to read the terms of their agreement into the record. The parties and the circuit court all agreed that the compromise would settle all the issues that existed between the parties.

The circuit court issued its order on May 17, 2007, which had been prepared by appellees' counsel, W.H. Taylor. The language in the order addressing the findings of the circuit court tracked the transcript of the agreement as it was read into the record at the March 6 hearing. However, on June 6, 2007, appellants, by and through their counsel, Cindy Baker, filed a

motion to set aside the order, alleging that the court's order was erroneous and contained findings not approved or agreed to. In response, appellee Shirley Doss, by and through her counsel, W.H. Taylor, filed a motion for Rule 11 sanctions, claiming that the motion to set aside was not well-grounded in fact, was not warranted by existing law, and presented no good-faith argument for the extension, modification, or reversal of the existing law. Further, the Rule 11 motion alleged the motion to set aside the order had been interposed for an improper purpose and would result in a needless increase in the cost of litigation.

The circuit court held a hearing on the motion for Rule 11 sanctions on August 28, 2007. Attorney Baker requested that the court rule on the motion to set aside the order. The circuit judge responded that he believed the order had been deemed denied because the motion was never ruled on. When Baker persisted, the court informed her that the motion was denied and encouraged her to focus on the motion for Rule 11 sanctions. The main defense Baker presented on her own behalf was that the agreement was not correctly reflected in the court's May 17 order. However, she attempted to use a document not in evidence to support her argument. The circuit court repeatedly reminded her that it could only consider the agreement as it was read into the record.

After considering her arguments, the circuit court found that the motion to set aside the order was indeed frivolous and that sanctions should be imposed. On September 19, 2007, the circuit court issued the order granting the motion for Rule 11 sanctions. Appellants filed a notice of appeal on September 25, 2007, from "the Orders and findings of the court from the proceedings held August 28, 2007." The same day, Baker, as the Rule 11 respondent, filed her notice of appeal from the circuit court's finding that she violated Rule 11. A notice of appeal was never filed from the circuit court's May 17, 2007 order. We now turn to the instant appeal.

The crux of appellants' argument is that their motion to set aside the court's May 17 order should have been granted and that the circuit court erred by treating it as a postjudgment motion because the order was not final. As previously noted, the circuit court issued the order on May 17, 2007, after conducting a hearing. The order made several findings on various motions filed by the parties, a motion to dismiss filed by Robert T. Rogers, the pleadings, the evidence adduced in open court, and the stipulations made in open court. Included in that order was the settle-

ment agreement between the parties, as it had been translated to the court on the record with all parties present. While appellants contend the order was not final, they do not present a valid argument for this court to make such a holding. We have repeatedly held that we will not make a party's argument for them or raise an issue *sua sponte*, unless it involves the trial court's jurisdiction. *See Jones v. Flowers*, 373 Ark. 213, 283 S.W.3d 551 (2008). This court will not consider an argument that is not properly developed. *See id.*

Furthermore, we are precluded from reviewing the merits of the May 17 order because the appellants did not file a timely notice of appeal. Appellants filed their notice of appeal on September 25, 2007, which was 131 days after the order was entered. An appellant must file a notice of appeal within thirty days of the date the order was entered in order to comply with Ark. R. App. P. – Civil 4(a) (2007).

While the appellants did file a motion to set aside the order on June 6, 2007, that motion did not extend the time for filing the notice of appeal. *See, e.g., Shivey v. Shivey*, 337 Ark. 262, 987 S.W.2d 719 (1999). The only motions that will extend the time for filing a notice of appeal are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment *made no later than 10 days after the entry of judgment. See* Ark. R. App. P. – Civil 4(b) (emphasis added).

Appellants suggest on appeal that their motion to set aside was pursuant to Rule 60. A Rule 60 motion is not listed in section (b) of the rule. Even were we to treat the motion as some other motion to vacate, alter, or amend the judgment, it was not filed within ten days after the entry of judgment and, thus, would not extend the time for filing the notice of appeal. *See id.* Because we decide this matter based on the untimeliness of the notice of appeal, we need not address the other deficiencies alleged regarding the May 17, 2007 order or the motion to set it aside. Therefore, the only issues this court may now address are those arguments on appeal resulting from the circuit court's order granting the motion for Rule 11 sanctions.

After a Rule 11 hearing held on August 28, 2007, the circuit court found that:

the separate defendant's motion for Rule 11 sanctions should be granted, as the motion to set aside order, which was filed by plaintiffs' counsel, Cindy M. Baker, is not well-grounded in fact, and is not warranted by existing law, and there is no good faith argument for the extension, modification or reversal of the existing law. This Court specifically finds that the motion filed was frivolous and has resulted in a needless increase in the cost of this litigation.

On appeal, Baker argues that the circuit court abused its discretion in finding that she violated Rule 11 because she had operated in good faith and the record does not support the circuit court's finding that the motion to set aside the order was not filed in good faith. Furthermore, she argues that the circuit court abused its discretion in awarding attorney's fees to Shirley Doss.

Rule 11 of the Arkansas Rules of Civil Procedure instructs in pertinent part that:

> (a) Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name .... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Ark. R. Civ. P. 11(b) (2007).

We review a circuit court's determination of whether a violation of Rule 11 occurred and what the appropriate sanction should be under an abuse-of-discretion standard. *See Sanford v. Harris*, 367 Ark. 589, 242 S.W.3d 277 (2006); *Pomtree v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 657, 121 S.W.3d 147 (2003). In our review, we give the circuit court's determination "substantial deference." *See id.*

The order appellants moved to set aside was issued subsequent to a hearing held on March 6, 2007. As previously noted, at the hearing, the parties read into the record the terms of the settlement agreement, and the circuit court specifically asked all the parties if the terms were agreed to as read into the record and if there was anything further to discuss before the court recessed. Baker agreed to the terms and did not present any objections. The order issued by the circuit court on May 17, 2007, tracks the language used by the parties when the terms of the settlement agreement were read into the record, yet Baker filed a motion to set aside the order on behalf of the appellants, claiming it was erroneous and contained findings not approved or agreed to.

At the Rule 11 hearing, Baker attempted to use a "marked up" order that she claimed was used in the process of reaching the settlement agreement. However, that document was not a part of the record, and Baker clearly did not object to the agreement as it was read into the record at the March 6 hearing. We cannot say the circuit court abused its discretion in finding that the motion to set aside the order filed on behalf of the appellants was frivolous and violated Rule 11.

Baker further argues that Doss should not have been awarded attorney's fees as a result of the Rule 11 violation because, at the time of the award, Doss had been dismissed. However, that argument is inaccurate and meritless. Doss was a defendant directly affected by the circuit court's May 17 order. While the order stated that, by stipulation of the parties, all defendants other than Carroll County would be nonsuited by the plaintiffs, that order was the subject of the motion to set aside. Additionally, appellants' motion to set aside the order specifically listed Doss as a defendant that the motion was directed against. Therefore, Doss had to retain counsel to defend the order and she, by and through her counsel, filed the Rule 11 motion. Section (b) of Rule 11 provides that the court may award the reasonable expenses and attorney's fees incurred to the party prevailing on the motion. See Ark. R. Civ. P. 11(b). Again, we cannot say the circuit court abused its discretion here by doing so.

On a final note, we hold that appellants' motion to strike appellee's response brief and their request for an extension of time to submit a reply brief, are both moot.

Affirmed.

GLAZE, J., concurs. I would also award sanctions under Ark. R. App. P. – Civ. 11(b) against respondent Baker in this appeal based on her continuing this frivolous matter on appeal. She had no meritorious arguments including her baseless charge that counsel Taylor's brief *in response* to Baker's appeal was frivolous.