SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-109

| | |
|---|---|
| WALLACE ALLEN<br><br>APPELLANT<br><br>V.<br><br>TO ALL UNKNOWN PERSONS CLAIMING LEGAL OR EQUITABLE RIGHTS OR INTERESTS IN THE PROPERTY DESCRIBED IN THIS COMPLAINT<br><br>APPELLEES | **Opinion Delivered** August 28, 2013<br><br>APPEAL FROM THE PRAIRIE COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. CV-2012-07]<br><br>HONORABLE TOM HUGHES, JUDGE<br><br>DISMISSED |

## RHONDA K. WOOD, Judge

By an order file-marked September 20, 2012, the circuit court dismissed Wallace Allen's complaint to quiet title with prejudice. Allen filed a motion to set aside the order on October 15, but the circuit court never ruled on the motion. On November 5, Allen filed his notice of appeal.

A timely notice of appeal is required in order for the appellate court to have jurisdiction. *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000). A notice of appeal is timely if it is filed within 30 days from the entry of judgment, decree, or order appealed from. Ark. R. App. P.–Civ. 4(a) (2012). Certain post-trial motions extend this period, but those motions must be filed within 10 days after the order or judgment was entered. Ark. R. App. P.–Civ. 4(b)(1) (2012); *Reeve v. Carroll Cnty.*, 373 Ark. 584, 285 S.W.3d 242

(2008). If the motion is filed outside of the 10-day period, then it does not extend the time to file the notice of appeal, which stays at 30 days. *Jewell v. Fletcher*, 2012 Ark. 132.

Allen filed his motion 25 days after the court entered the order dismissing the complaint, so the motion did not extend the time period to file the notice of appeal. Accordingly, Allen's notice of appeal was untimely. To be timely, Allen was required to file his notice of appeal within 30 days of September 20, 2012. Yet Allen filed the notice of appeal on November 5, 2012, which was 46 days later. Therefore, we lack jurisdiction and dismiss the appeal.[1]

Dismissed.

GLOVER and BROWN, JJ., agree.

*Wallace Allen*, pro se appellant.

No response.

---

[1] Allen also filed a motion for a writ of mandamus, arguing that he is entitled to a default judgment because appellees did not file a brief. However, we can decide the case even if no response brief has been filed. Ark. Sup. Ct. R. 4-5 (2012). Therefore, we deny the motion.