Cite as 2022 Ark. App. 235

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-360

KYU HWAN HWANG

APPELLANT

V.

CRYSTAL SHAUNTAE NORTHCUTT

APPELLEE

Opinion Delivered May 18, 2022

APPEAL FROM THE MISSISSIPPI
COUNTY CIRCUIT COURT,
OSCEOLA DISTRICT
[NO. 47ODR-20-51]

HONORABLE CINDY THYER, JUDGE

AFFIRMED

## RITA W. GRUBER, Judge

This is an appeal from an order awarding appellee Crystal Shauntae Northcutt a divorce from appellant Kyu Hwan Hwang in which Hwang neither filed an answer nor appeared at the hearing. In his pro se appeal, Hwang contends that he was not properly served and that his signature was "falsified." He asks us to set aside what he terms a default judgment, vacate the divorce decree, and order a new trial. We affirm the circuit court's order.

The parties were married in July 2018 and separated in February 2020. Crystal filed for divorce on April 20, 2020. Hwang was served by Crystal's attorney, Butler Bernard, Jr., at Hwang's last known physical address at 4659 Cottonwood Road in Memphis, Tennessee, by certified mail, restricted delivery, return-receipt requested. The green card was signed by K. Hwang on September 23, 2020, and returned to Mr. Bernard. Mr. Bernard attached it to his affidavit of service, which he filed with the circuit court on October 2, 2020. Because Hwang's

last known residence was not in Arkansas, William C. Ayers was appointed attorney ad litem for Hwang on September 10. On October 13, Mr. Ayers served Hwang at the same Memphis address by certified mail, restricted delivery, return-receipt requested. The green card was signed by K. Hwang on October 15 and returned to Mr. Ayers, which he filed with an affidavit of service on November 23.

Crystal filed an affidavit for warning order on September 10, alleging that Hwang had moved from their home on March 1, 2020, and that his last known physical address was 4659 Cottonwood Road, Memphis, Tennessee, 38118. She stated that she had made a diligent inquiry into his whereabouts by searching his social-media accounts; speaking with his mother, who refused to provide Hwang's contact information; contacting the parties' marriage counselor; and speaking by phone and text with Hwang, who said he would not agree to the divorce and refused to provide his address. On September 24 and October 1, the warning order notifying Hwang of the divorce action was published in the *Osceola Times*, and proof of publication was filed with the circuit court on January 11, 2021.

On September 10, 2020, Mr. Bernard filed a "Notice to the Court" alleging that on May 26, 2020, Hwang appeared unannounced in Mr. Bernard's office to speak to him about "a Divorce." Hwang refused to provide his name but indicated that his wife was Crystal. Mr. Bernard then said he could not speak with Hwang and asked him to leave. He refused to provide an address to Mr. Bernard.

Hwang did not file an answer. On March 3, 2021, the court held a hearing at which a witness testified that Crystal was living separate and apart from Hwang, was a resident of Mississippi County, and had lived in Arkansas for more than three months. Crystal testified

about the parties' inability to get along and about their property. At the conclusion of her testimony, the following colloquy took place:

COUNSEL: And there was a possibility that he lived in Shelby County which is out of the State of Arkansas; is that right?

CRYSTAL: Yes.

COUNSEL: So, we filed the summons or I issued a summons –

The Court will reflect, I issued a summons for him at the address there in Mississippi County and an address in Shelby County.

COURT: Okay.

COUNSEL: Did someone conduct a welfare check for him?

CRYSTAL: Yes.

COUNSEL: At the address in Shelby County?

CRYSTAL: The last known address I knew; yes.

COUNSEL: And it was reported to them that he did not live there?

CRYSTAL: Yes.

COUNSEL: But we still sent the letter there?

CRYSTAL: Uh-huh (affirmative).

COUNSEL: The Court will reflect there is a green card where I sent the summons. He signed the green card in Shelby, at the Shelby County address.

Now there's also one where, I did not explain to my client, she signed the green card that was sent to the Mississippi County address.

COURT: Okay.

COUNSEL: But I still had an attorney ad litem appointed. The attorney ad litem, because it was out-of-state. The way I read the Rules is, if the Defendant's out of state you're supposed to appoint an attorney ad litem. The attorney

ad litem sent a letter to Mississippi County, nothing came back. The attorney ad litem sent a letter to the Memphis address and he did sign that.

COURT: That's the one I'm looking at. It appears he signed October 5, 2020; is that the correct date? Am I reading that handwriting –

COUNSEL: Yes, ma'am.

COURT: Okay.

COUNSEL: Also, just to be clear, the Decree has a paragraph in it, Judge, there is a notice to the Court that's filed in the filing. In my office a man came in, asked to hire me for a divorce or talk to me about a divorce. He did not have an appointment. I said, come on. He came in and sat across from my desk, would not tell me his name, which was odd and then he, I realized it was this defendant. He knew he'd been served. He came and I stood up and had him leave. There is a rendition of that incident.

COURT: Okay.

COUNSEL: I just wanted it in the record that I didn't provide him any legal advice or anything like that.

COURT: All right.

COUNSEL: And we also issued a warning order and published it in the newspaper.

COURT: I do see that as well.

COUNSEL: So, I think we – I guess I'm going to say we went above and beyond trying to make sure he was served. Didn't realize that he was going to sign the green card.

COURT: Okay. Any other testimony from this witness, Mr. Bernard?

COUNSEL: No ma'am.

COURT: I think you've covered all the bases with respect to service and then some. I will approve the Decree and I will leave the ad litem order on the top; it looks like it needs to be filed.

4

On March 8, the court entered a decree on the merits of the case finding that Hwang had been "properly served" and that it had "proper jurisdiction over the parties and the subject matter"; granting Crystal a divorce on the ground of general indignities; and dividing the parties' property.[1] The circuit court detailed the service of process on Hwang in these findings:

VII.
The Clerk issued a Warning Order which was published September 2, 2020. A proof of publication was filed herein, January 11, 2021.

VIII.
Attorney S. Butler Bernard, Jr., mailed a Rule 4 letter to the Defendant at two of his last known addresses. The Defendant did sign the "Green Card" and an "Affidavit of Service, Yes Envelope Signed For" was filed herein October 2, 2020.

IX.
The attorney ad-litem, William C. Ayers, mailed a Rule 4 letter to the Defendant at two of his last known addresses. The Defendant did sign the "Green Card" and an "Affidavit of Service, Yes Envelope Signed For" was filed herein November 23, 2020.

X.
The record does contain a "Notice to the Court" filed by S. Butler Bernard, Jr., stating the Defendant personally came to try and discuss the case on or about May 26, 2020.

On March 15, Hwang filed a pro se motion to vacate judgment and order a new trial, citing Arkansas Rule of Civil Procedure 59. He alleged that he was not served and did not learn of the divorce until he received an email on March 4, that he did not sign any papers or documents about service of process, and that Crystal was guilty of misconduct. He also provided a detailed factual account of various incidents, including the parties' initial meeting and life

---

[1]We note that Crystal did not file a motion for default judgment, and the court did not enter a default judgment.

5

together, a suicide episode, a car accident, and a trip to New Orleans. Finally, he asked the court to vacate the judgment and order a new trial.

The court did not rule on Hwang's motion, which was deemed denied on April 15, and he filed a notice of appeal on May 5, 2021. That same day, Hwang also filed a so-called "motion to set aside the default judgment" pursuant to Arkansas Rule of Civil Procedure 55, a motion to reconsider the case, a motion to reopen the case, and various other "exhibits."

On appeal, Hwang asks this court to set aside the "default judgment" pursuant to Rule 55, and he asks us to vacate the decree and order a new trial pursuant to Rule 59. We turn first to Hwang's request that we set aside the "default judgment." We do not entertain this argument because the circuit court did not enter a default judgment; rather, it held a hearing at which evidence was presented, and it entered a decree on the merits of the case. Moreover, the court did not rule on Hwang's so-called "motion to set aside the default judgment," which Hwang filed on the day he filed his notice of appeal.[2]

Hwang did file a timely motion for a new trial, which was deemed denied, and he has timely appealed from that deemed denial. Rule 59 provides that a new trial may be granted for any one of eight listed grounds "materially affecting the substantial rights" of the aggrieved party. Hwang relied on the following five grounds:

> (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; . . . (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; (8) error of law occurring at the trial and objected to by the party making the application.

---

[2]We note that Hwang did not file an amended notice of appeal.

Ark. R. Civ. P. 59(a) (2021). A circuit court's discretion to grant or deny a motion for new trial is necessarily broad, and we will not reverse its decision absent a manifest abuse of discretion. *Horton v. Horton*, 2011 Ark. App. 361, at 8, 384 S.W.3d 61, 67; *Williams v. Liberty Bank*, 2011 Ark. App. 220, at 8, 382 S.W.3d 726, 733; *Roberts v. Boyd*, 94 Ark. App. 345, 348, 230 S.W.3d 301, 303 (2006); *D.B. & J. Holden Farms Ltd. P'ship v. Ark. State Highway Comm'n*, 93 Ark. App. 202, 206, 218 S.W.3d 355, 359 (2005). A circuit court's factual determination on a motion for a new trial will not be reversed unless clearly erroneous. *Thomas John Kennedy of Ark., DDS, PC v. Ausbrooks*, 2016 Ark. App. 62, at 3, 482 S.W.3d 335, 337.

We turn first to grounds (2) and (7). Rule 59(c) requires that these grounds be supported by "affidavits showing their truth," which was not done here. Thus, we hold that the circuit court did not abuse its discretion in denying Hwang's request for a new trial on these grounds. We also reject ground (8) as inapplicable in this case because Hwang did not object to this error at trial.

Rule 59(a)(6) provides for a new trial if the decision is clearly contrary to the preponderance of the evidence or is contrary to the law. When evaluating the denial of a motion for new trial under Rule 59(a)(6), we will affirm if the circuit court's decision is supported by substantial evidence. *Ashby v. Ragon*, 2020 Ark. App. 251, at 5, 601 S.W.3d 124, 128. Substantial evidence is evidence that can compel a conclusion one way or the other. *Dovers v. Stephenson Oil Co.*, 354 Ark. 695, 128 S.W.3d 805 (2003). First, it is unclear from Hwang's motion what it is, exactly, that he argues is contrary to the preponderance of the evidence or law. He states generally that "the causes of the divorce are different from that of the divorce decree" and that he has a

7

"good cause of action for divorce" on the grounds of general indignities. The motion contains 29 numbered paragraphs in a section titled "The Cause for Divorce" alleging various facts about a car accident, various "CRIMES," a "SUICIDE EPISODE," and other incidents, none of which were in evidence at the hearing. We will not make a party's argument for him or her or consider an argument that is not properly developed. *Reeve v. Carroll Cnty.*, 373 Ark. 584, 587, 285 S.W.3d 242, 245 (2008).

Finally, we turn to Hwang's argument that pursuant to Rule 59(a)(1), he was prevented from having a fair trial because he did not know of the existence of the divorce complaint, litigation, or trial. He alleges that he was not served and that he did not sign any papers or documents involving service of process. He claims that the signature on the green cards was not his signature. Evidence was presented at the hearing, and the court found that Hwang had been served, that green cards containing his signature had been returned, and that a warning order had been issued and published. Hwang has presented no evidence or sworn testimony to counter this evidence or the court's findings, merely allegations. Accordingly, we cannot say that the circuit court abused its discretion in denying his motion for new trial on this ground.

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

*Kyu Hwan Huang*, pro se appellant.

*S. Butler Bernard, Jr.*, for appellee.