## Lila Kay BURNETTE *v.* PERKINS & ASSOCIATES

00-607                                   33 S.W.3d 145

Supreme Court of Arkansas
Opinion delivered December 14, 2000

*Hill Gilstrap Perkins Trotter & Warner*, by: *Scott C. Trotter*, for appellants.

*Rose Law Firm, a Professional Association*, by: *Michael N. Shannon*, for appellee.

LAVENSKI R. SMITH, Justice. Appellants Lila Kay Burnette, Ron Smith, Fallon Snyder, William Johnston, Bobby Rice, J. Terrance O'Brien, and R.L. Wyles, Commissioners of Cedar Mountain Sewer Improvement District No. 43 of Garland County, Arkansas, and Cedar Mountain Sewer District No. 43 ("Cedar Mountain"), appeal a Garland County chancery judgment entered on an order denying their motion for attorney's fees. The appellants sought attorney's fees under Ark. Code Ann. § 16-22-308, which authorizes courts to award attorney's fees to prevailing parties in certain specified contract actions. They did so following the court's grant of their motion to dismiss the appellee's, Perkins & Associates ("Perkins"), contract action. The trial court ruled that its dismissal of the Perkins complaint without prejudice was not sufficient to bestow "prevailing party" status on the appellants under Ark.Code Ann. § 16-22-308. We agree with the trial court ruling and affirm.

*Facts*

This litigation arises from the formation of Cedar Mountain Sewer District No. 43 and plans for construction of a sewer collection system. It appears Cedar Mountain retained Perkins to furnish engineering services for the project. On May 12, 1999, Perkins filed a Petition for Injunction and for Appointment of a Receiver in Garland County Chancery Court. Perkins alleged that on August 21, 1997, Cedar Mountain entered into a contract in connection with forming the sewer district and installing a sewage collection system, that appellee fulfilled its obligations under the contract, and that fees and costs due it totaling $207, 633.72 remain unpaid. Additionally, Perkins sought interest, as well as fees and costs. Perkins did not attach the contract to the petition, nor include contract terms in the petition.

On June 3, 1999, the commissioners filed a Motion to Dismiss or in the Alternative for more Definite Statement. In that motion, Cedar Mountain asserted that the petition contained only vague and conclusory terms that were insufficient as to the alleged contract and damages such that relief thereon could not be granted. In the alternative, they moved for a more definite statement. Perkins responded and attached a copy of the contract to its response. The trial court held a hearing on August 2, 1999, and took the motion under advisement. On August 16, 1999, the trial court entered an order requiring Perkins to amend its complaint by naming the actual party defendant and by complying with Rule 10(d) of the Arkansas Rules of Civil Procedure within twenty days. Perkins filed an amendment to its complaint on August 16, 1999, making Cedar Mountain Sewer District No. 43 of Garland County a party and attaching a copy of the contract to comply with Rule 10(d).

On August 25, 1999, the commissioners and the sewer district filed a Renewed Motion to Dismiss, alleging the amendment to the petition failed to comply with the court's order in that it did not identify the actual party defendant, as Rule 10(d) requires. They also asserted that the amendment to the complaint failed to satisfy the time requirement in the order, which required an amended complaint be filed within twenty days. A hearing was held on October 4, 1999. By an order entered November 9, 1999, the trial court granted the dismissal motion but did so without prejudice.

On November 19, 1999, appellant filed their motion for attorney's fees under Ark. R. Civ. P. 54(e)(1) and Ark. Code Ann. § 16-22-308, asserting they were the prevailing party in an action on a contract. Following a hearing on January 19, 2000, the trial court found appellants were not a prevailing party as required under Ark. Code Ann. § 16-22-308. An order and judgment on the motion for attorney's fees were filed February 10, 2000. This appeal followed.

*Standard of Review*

■■ As a chancery case, we review the instant case de novo. This court has been precise in stating what de novo review entails:

> Equity cases are tried de novo on appeal upon the record made in the chancery court, and the rule that this court disposes of them and resolves the issues on that record is well established; the fact

that the chancellor based his decision upon an erroneous conclusion does not preclude this court's reviewing the entire case de novo. An appeal in a chancery case opens the whole case for review. All of the issues raised in the court below are before the appellate court for decision and trial de novo on appeal in equity cases involves determination of fact questions as well as legal issues. The appellate court reviews both law and fact and, acting as judges of both law and fact as if no decision had been made in the trial court, sifts the evidence to determine what the finding of the chancellor should have been and renders a decree upon the record made in the trial court. The appellate court may always enter such judgment as the chancery court should have entered upon the undisputed facts in the record.

*Conagra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 30 S.W.3d 725 (2000); *Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979) (citations omitted). We do not reverse a finding of fact of the chancery court unless we conclude that the chancery court has clearly erred. *Bendinger v. Marshalltown Trowell Co.*, 338 Ark. 410, 994 S.W.2d 468 (1999); *Saforo & Assoc., Inc. v. Porocel Corp.*, 337 Ark. 553, 991 S.W.2d 117 (1999). We have said, in addition, that a finding is clearly erroneous when, even though there is evidence to support it, the appellate court is left with the definite and firm conviction that a mistake has been made. *Bendinger; Conagra, Inc.* This case also involves statutory interpretation of Ark. Code Ann. §16-22-308, which we also review de novo. *Stephens v. Arkansas Sch. For the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000).

*"The Prevailing Party" under Ark. Code Ann. § 16-22-308*

■ Appellants assert they are allowed fees under Ark. Code Ann. § 16-22-308 (Repl. 1999), "attorney's fees in certain civil actions." The statute provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the *prevailing party* may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

(Emphasis added.) Clearly, attorney's fees are allowable in a contract action. Whether they are granted and in what amount are within the discretion of the trial judge, and the exercise of that discretion will be upheld unless it is abused. *Quachita Trek and Development Company v. Rowe,* 341 Ark. 456, 17 S.W.3d 491 (2000); *Chrisco v. Sun Ind., Inc.* 304 Ark. 227, 800 S.W.2d 717 (1990). *Jones v. Abraham,* 341 Ark. 66, 15 S.W.3d 310 (2000); *New Hampshire Ins. Co. v. Quilantan,* 269 Ark. 359, 601 S.W.2d 836 (1980); *Equitable Life Assur. Society v. Rummell,* 257 Ark. 90, 514 S.W.2d 224 (1974); *Federal Life Ins. Co. v. Hase,* 193 Ark. 816, 102 S.W.2d 841 (1937); *Met. Cas. Ins. Co. v. Chambers,* 136 Ark. 84, 206 S.W. 64 (1918).

The Commissioners and the sewer district contend that the trial court abused its discretion by finding that they were not the prevailing party under the statute. They obtained a dismissal without prejudice when Perkins failed to comply with the court's order to amend its complaint by identifying the party defendant and attaching a copy of the contract at issue. Thus, a judgment of dismissal was entered in this case, but on procedural issues rather than on the merits. The question then becomes whether the judgment of dismissal without prejudice qualifies appellants as prevailing parties under the statute.

We have no previous decision with a holding directly on point. However, the case of *Marsh & McLennan of Arkansas v. Herget,* 321 Ark. 180, 900 S.W.2d 195, (1995), discusses the issue in dicta[1]. In *Marsh,* the appellant asserted that the purpose of Ark. Code Ann. § 16-22-308 is to make the prevailing party whole. After denying that proposition as being without authority, the court went on to state, "The statute itself requires only that, unless otherwise provided by law or the contract which is the subject matter of the action, the movant must have prevailed on the merits of one of the causes of action enumerated in the statute." *Marsh, supra.* While this statement of the court is dicta, as the commissioners and the sewer district point out, it may nonetheless be persuasive and useful. *City*

---

[1] Dicta consists of statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand, and lacks the force of an adjudication. *Garrett v. Andrews,* 294 Ark. 160, 741 S.W.2d 257 (1987). *Obiter dictum* is mere comment and not a decision of the court, and therefore not binding.

*Of Bryant v. Springhill Water and Sewer*, 295 Ark. 333, 749 S.W.2d 295 (1988). We find the language in *Marsh* to be persuasive and consequently hold, consistent with the trial court, that one must prevail on the merits in order to be considered a prevailing party under Ark. Code Ann. § 16-22-308.[2] A dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party can be stated with certainty. The potential for further litigation on the same issues with possibly contrary outcomes precludes the identification of a prevailing party for purposes of the statute.

Our holding is based upon our construction of the relevant Arkansas statute, but we also note that federal courts construing similar language in 42 U.S.C. § 1988 have discussed the meaning of prevailing party and adopted a view that requires the prevailing party be granted some relief on the merits of his claim. Particularly, *Hewitt v. Helms*, 482 U.S. 755 (1987), contains a relevant discussion. In *Hewitt*, appellant prisoner Helms, who was placed in administrative segregation in prison, brought a § 1983 action alleging deprivation of due-process rights because the decision was based upon a hearsay statement of an unidentified informant. The informant alleged he had seen Helms strike a prison guard during a prison riot. Ultimately, Helms received a declaration by the court that his due-process rights had been violated, but received no damages due to a finding of qualified immunity. Nonetheless, he brought a motion for attorney's fees under 42 USC § 1988, which discusses proceedings in vindication, such as a motion for attorney's fees after a § 1983 action. In its analysis, the U.S. Supreme Court stated:

> In order to be eligible for attorneys' fees under §1988, a litigant must be a 'prevailing party.' whatever the outer boundaries of that term may be, Helms does not fit within them. Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. (Citation omitted). Helms received no relief.

---

[2] Our conclusion is also consistent with language in *Gill v. Transcriptions, Inc.*, 319 Ark. 485, 892 S.W.2d 258 (1995). There, this court stated that the court of appeals had addressed the issue of who is the prevailing party in litigation under § 16-22-308 in *ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App.19, 795 S.W.2d 362 (1990), and then quoted a discussion from that case that there can be only one prevailing party and that is "the party in whose favor the verdict compels a judgment...." This seems to infer the merits must be reached to at least some degree.

*Helms*, 482 U.S. at 759-760. The court went on to note that in a judicial process the plaintiff seeks damages or some change in position by the defendant, and regardless of how that is achieved, by settlement, trial, or otherwise, the plaintiff then is the prevailing party.[3] We note that other state courts that have been faced with this issue have not all agreed with this analysis.[4] However, we hold that prevailing party contemplates at least some adjudication on the merits of the actions and, accordingly, affirm.

Affirmed.

---

[3] Other federal courts addressing the issue of prevailing party where the merits have not been reached have also denied attorney's fees. *See, Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990). There, the Eighth Circuit Court of Appeals found that where a complaint has been dismissed for lack of subject matter jurisdiction, fees under 42 U.S.C. § 1988 were not recoverable because the defendant had not prevailed over the plaintiff on any issue central to the merits of the litigation. More on point is *Szabo Food Services, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987), wherein the Seventh Circuit Court of Appeals found a dismissal without prejudice under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say he has 'prevailed.' The court noted that under a dismissal without prejudice, the defendant remains at risk because the plaintiff may refile the action.

[4] The Oregon Court of Appeals in *Cedar Lodge Ltd. v. Elliott*, 115 Or. App. 688, 839 P.2d 757 (1992), considered a dismissal without prejudice entered by the court on its own motion. As to fees and the requirement in their statute that the party receiving them have prevailed, the court stated, "Irrespective of who moved for dismissal, a judgment was entered and the case was terminated... The case was concluded, and the defendant prevailed." The Supreme Court of Hawaii in *Wong v. Takeuchi*, 88 Haw. 46, 961 P.2d 611 (1998), stated, "Usually the litigant in whose favor the judgment is rendered is the prevailing party... Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." An argument can be made that whether the dismissal is with or without prejudice, that fees ought to be due. Where the issue arises from a contract and fees are sought under 16-22-308, the plaintiff who brings an action and fails to bring it to trial, for whatever reason, has compelled the defendant to expend money in defense of the action, and by a dismissal, for whatever reason, has at the least staved off the litigation and in that sense has prevailed. The Supreme Court of Maine stated that in determining who the prevailing party was indicated they would make a 'functional analysis' to examine the whole lawsuit and determine which party was the winner and which the loser. *Dodge v. United Services Auto Ass'n.*, 417 A.2d 969, 975 (Me. 1980).