BKD, LLP, William E. Fingland, Jr., Steven D. Warren *v.*
Barbara YATES

06-276                                                    240 S.W.3d 588

Supreme Court of Arkansas
Opinion delivered October 5, 2006

*Kaplan, Brewer, Maxey & Haralson,* by: *Philip E. Kaplan* and *JoAnn C. Maxey*; *Lathrop & Gage L.C.*, by: *Timothy K. McNamara* and *R. Kent Sellers*, for appellants.

*James & House, P.A.*, by: *Patrick R. James* and *Matthew R. House,* for appellee.

DONALD L. CORBIN, Justice. Appellants BKD, LLP, William E. Fingland, Jr., and Steven D. Warren (BKD) appeal the order of the Pulaski County Circuit Court denying their motion for attorneys' fees. On appeal, BKD raises one issue for reversal: the circuit court erred in finding that it was not the prevailing party and thus erred in denying its motion for attorneys' fees under Ark. Code Ann. § 16-22-308 (Repl. 1999). We assumed this case from the court of appeals as it involves an issue of first impression and requires clarification of the law; hence, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (5). We find no error and affirm.

BKD is a public accounting firm headquartered in Springfield, Greene County, Missouri. Appellee Barbara Yates was a partner in BKD's Little Rock office. The parties' relationship was governed by a partnership agreement signed by both parties. The agreement included provisions for nonjudicial and confidential dispute resolution under Missouri law, and further provided that any lawsuit permitted under the agreement "shall be brought only in the Circuit Court of Greene County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Greene County, Missouri, and acknowledge convenience and propriety of the venue."

In June 2003, Yates was diagnosed with Rocky Mountain Spotted Fever. Following this diagnosis, BKD first determined that Yates's medical condition was a partial disability. Later, on September 1, 2004, after placing Yates on uncompensated leave since July 1, 2004, BKD terminated Yates's partnership interest. On March 1, 2005, Yates filed a complaint against BKD in Pulaski County Circuit Court raising seven causes of action and seeking: (1) a declaration that the noncompete and confidentiality provisions were unenforceable; (2) injunctive relief; (3) a declaratory judgment that BKD materially breached sections of the partnership agreement; (4) a declaration that the dispute-resolution provisions

of the partnership agreement were invalid and unenforceable; (5) a declaration that BKD materially breached the contract; (6) an accounting; (7) a declaration that BKD breached its fiduciary duty. On April 8, 2005, Yates filed an amended and substituted complaint for declaratory and injunctive relief, damages, and for an accounting.

On March 11, 2005, BKD answered by filing a motion to dismiss the action, or in the alternative to stay the case pending resolution of a pending Missouri arbitration proceeding, on the basis of the forum-selection clause in the partnership agreement. On June 9, 2005, the circuit court dismissed the matter with prejudice as to the forum-selection clause only, but without prejudice to refile on the remaining issues in Greene County, Missouri, as might be appropriate. The June 9 order was not appealed.

Following the dismissal, BKD filed a motion for attorneys' fees and costs, pursuant to section 16-22-308, based upon the court's dismissal with prejudice enforcing the forum-selection clause and precluding further litigation in Arkansas. The circuit court denied the motion for attorneys' fees on the basis that BKD had not prevailed on the merits of the case. This appeal followed.

BKD's sole argument on appeal is that the circuit court erred in denying its application for attorneys' fees. BKD argues that, because it obtained a dismissal with prejudice that enforced the forum-selection clause, it was a prevailing party eligible to receive attorneys' fees under section 16-22-308. Moreover, BKD claims that it should have received attorneys' fees because Yates attempted to frustrate the contractual expectations of the parties, burdened the Arkansas courts with frivolous and costly litigation, and caused BKD to incur substantial attorneys' fees in resisting her action. Thus, we must consider whether the circuit court erred in deciding that BKD had not prevailed on the merits of the case, and if error occurred, whether attorneys' fees should have been awarded under section 16-22-308.

A circuit court is not required to award attorneys' fees and, in reviewing a court's decision whether or not to award attorneys' fees, we will not reverse unless there has been an abuse of discretion. *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000). The decision on whether to award attorneys' fees in contract cases is governed by section 16-22-308, which provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the *prevailing party* may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs. [Emphasis added.]

To be the prevailing party, the litigant must be granted some relief on the merits of its claim. *See Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001); *Burnette*, 343 Ark. 237, 33 S.W.3d 145. Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Marcum*, 344 Ark. 153, 40 S.W.3d 230. In essence, we must look at the case as a whole to determine whether there was a prevailing party and who is that party.

In *Burnette*, 343 Ark. 237, 33 S.W.3d 145, the appellants sought attorney's fees after their motion to dismiss was granted without prejudice. There, the appellants were denied attorney's fees on the basis that the dismissal without prejudice was not sufficient to give them prevailing-party status. On appeal, we upheld the denial of attorney's fees, stating:

> [O]ne must prevail on the merits in order to be considered a prevailing party under Ark. Code Ann. § 16-22-308. A dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party can be stated with certainty. The potential for further litigation on the same issues with possible contrary outcomes precludes the identification of a prevailing party for purposes of the statute.

*Id.* at 242, 33 S.W.3d at 149-50 (footnote omitted).

BKD attempts to distinguish *Burnette* upon the grounds that, here, the dismissal was with prejudice, thus eliminating the potential for future litigation on the issue of the forum–selection clause. Moreover, BKD argues that, in *Burnette*, this court recognized that a dismissal with prejudice "enables the defendant to say he has 'prevailed.' " *Id.* at 243 n.3, 33 S.W.3d at 150 n.3.

It is clear to us that BKD's reading of *Burnette* is wrong. We did not hold, nor have we ever held, that a dismissal with prejudice enables the defendant to say that he is the prevailing party for the purposes of section 16-22-308. Rather, in footnote 3 of *Burnette*, we stated:

Other federal courts addressing the issue of prevailing party where the merits have not been reached have also denied attorney's fees. *See, Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990). There, the Eighth Circuit Court of Appeals found that where a complaint has been dismissed for lack of subject matter jurisdiction, fees under 42 U.S.C. § 1988 were not recoverable because *the defendant had not prevailed over the plaintiff on any issue central to the merits of the litigation.* More on point is *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987), wherein the Seventh Circuit Court of Appeals found a dismissal without prejudice under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say he has 'prevailed.' The court noted that under a dismissal without prejudice, the defendant remains at risk because the plaintiff may refile the action.

*Id.* Thus, the key to being the prevailing party is that there has been an adjudication on the merits of issues central to the litigation.

Here, the circuit court's ruling stated:

2. For the reasons stated by the Court in [the] May 3, 2005 hearing . . . this matter is dismissed with prejudice as to the forum selection clause only, but without prejudice to refile on the remaining issues, in Greene County, Missouri, as might be appropriate.

It is clear that the circuit court upheld and enforced the forum-selection clause. Nevertheless, in order to be a prevailing party under section 16-22-308 there must be resolution of the underlying merits of the claims at issue.[1] In this case, this requirement was not met as there was no resolution of the majority of the claims at issue. Specifically, Yates sought certain declaratory and injunctive relief, and she asserted claims for breach of contract and breach of fiduciary duty. The only issue resolved by the circuit court was its enforcement of the forum-selection clause that effectively rejected Yates's claim that the dispute resolutions in the partnership agreement, which included the forum-selection clause, were unenforceable. Nevertheless, this one "win" does not automatically give BKD the status of a "prevailing party."

---

[1] Pursuant to Ark. R. Civ. P. 41(a)(2), a voluntary dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed an action based upon or including the same claim. Furthermore, an involuntary dismissal under Ark. R. Civ. P. 41(b) operates as an adjudication on the merits when the action has been previously dismissed, whether voluntarily or involuntarily.

In *Gill v. Transcriptions, Inc.*, 319 Ark. 485, 489-90, 892 S.W.2d 258, 261 (1995), we stated:

> The Arkansas Court of Appeals has addressed the issue of who is the prevailing party in litigation under § 16-22-308. *See ERC Mortg. Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990). In *Luper*, the Court of Appeals held that the plaintiff was the prevailing party under the statute, although six of the seven counts in his complaint were dismissed at the close of his case-in-chief. The court quoted with approval from a Missouri case:
>
> > [t]here can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the most points at the end of the contest is the winner, and . . . is entitled to recover his costs.
>
> 32 Ark. App. at 19, 795 S.W.2d at 364, 365, *quoting Ozias v. Haley*, 125 S.W. 556, 557 (Mo. App. 1910).

In the present case, BKD may have "scored" on one issue; however, litigation is far from over and other opportunities to score remain. Specifically, there are many issues yet to be resolved. As such, the circuit court did not err in finding that BKD was not a prevailing party.

Because the circuit court correctly concluded that BKD was not a prevailing party, it is unnecessary to address BKD's argument that it should have been afforded attorneys' fees under section 16-22-308.

Affirmed.