SLIP OPINION

Cite as 2015 Ark. 241

# SUPREME COURT OF ARKANSAS

No. CV–14–250

| | |
|---|---|
| | **Opinion Delivered** May 28, 2015 |
| KEN DAVID SWINDLE<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV2012-1854-5] |
| V. | |
| | HONORABLE XOLLIE DUNCAN, JUDGE |
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY<br>APPELLEE | AFFIRMED IN PART; REVERSED IN PART; COURT OF APPEALS OPINION VACATED. |

**JOSEPHINE LINKER HART, Associate Justice**

Appellant, Ken David Swindle, sued appellee, Southern Farm Bureau Casualty Insurance Company (SFB), for breach of contract. SFB moved for summary judgment, and the circuit court granted the motion and awarded attorney's fees to SFB pursuant to Rule 11 of the Arkansas Rules of Civil Procedure. On appeal, Swindle argues that, after filing suit, SFB paid to him the sum he sued for, and thus, he was the prevailing party in the lawsuit and entitled to an award of attorney's fees under Arkansas Code Annotated section 16-22-308 (Repl. 1999). He further argues that the circuit court erred in sanctioning him under Rule 11, because SFB did not provide him with notice of their request for sanctions. We affirm the circuit court's decision to deny him fees as the prevailing party but reverse the circuit court's

decision to sanction Swindle under Rule 11.[1]

In his complaint, Swindle alleged that he represented David Dornan and Araceli Perez for damages that they sustained in a motor-vehicle collision. The driver of the other vehicle was insured by SFB. Swindle informed SFB of his attorney's liens on Dornan's and Perez's claims. According to the complaint, SFB offered to settle both Dornan's and Perez's claims, and both accepted. Swindle further alleged that he had disbursed $24,500 in reliance on the settlement but that checks written by SFB were never honored by SFB's bank. Swindle sought recovery of the $24,500.

In its answer to Swindle's complaint, SFB alleged that Swindle's claims were spurious and not presented in good faith and that the claims were made for an improper purpose such as to harass or to cause unnecessary delay and needlessly increase the cost of litigation. SFB asked that the circuit court dismiss the lawsuit, sanction Swindle under Rule 11, and order Swindle to pay the costs of litigation, including an attorney's fee.

Swindle moved for a "judgment on the pleadings." In his motion, he stated that he had filed the action in order to receive payment on a contract, that SFB had issued payment, and that he had received the funds. He asserted that because he had obtained the relief he sought, there was no material issue of fact remaining on the underlying issue. He concluded that the only remaining issue to be considered was his request for attorney's fees. He requested that a judgment be entered by the court finding in his favor and reserving the assessment of costs and attorney's fees.

---

[1]Given our conclusions, we need not address whether Swindle's complaint sounded in contract or consider the evidentiary arguments raised by Swindle in his brief.

In response, SFB asserted that Swindle's receipt of the funds was not the result of his filing of a cause of action and denied that Swindle was entitled to an award of attorney's fees. SFB further asserted that the complaint should be dismissed and that the court should award SFB costs and attorney's fees, either as the prevailing party in a contract suit or as sanctions pursuant to Rule 11.

No hearing was held. In its order granting summary judgment to SFB, the circuit court concluded that Swindle had filed a frivolous claim against SFB without proper and reasonable investigation. The court granted SFB summary judgment and imposed sanctions in the form of awarding attorney's fees to SFB. In a separate order, the court awarded attorney's fees and expenses in the sum of $6785.65.

Swindle raises two issues on appeal. In his first issue, he observes that the underlying question—his entitlement to the payment of the $24,500 by SFB—was resolved in his favor by SFB's payment of the funds to him. He argues that because SFB paid him after he had filed his complaint for breach of contract, he was the prevailing party in the lawsuit, and thus, he was entitled to an award of attorney's fees. This issue is one of statutory interpretation, and our review is de novo because it is for this court to decide what a statute means. *See, e.g.*, *Berryhill v. Synatzske*, 2014 Ark. 169, at 4, 432 S.W.3d 637, 640.

Arkansas Code Annotated section 16–22–308 (Repl. 1999) provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

SLIP OPINION

The statute provides that in an action for breach of contract, the "prevailing party" may be allowed a reasonable attorney's fee.

This court has noted federal precedent for the proposition "that in a judicial process the plaintiff seeks damages or some change in position by the defendant, and regardless of how that is achieved, by settlement, trial, or otherwise, the plaintiff then is the prevailing party." *Burnette v. Perkins & Assocs.*, 343 Ark. 237, 243, 33 S.W.3d 145, 150 (2000). This court held, however, that "prevailing party contemplates at least some adjudication on the merits of the actions." *Id.*, 33 S.W.3d at 151. The "key to being the prevailing party is that there has been an adjudication on the merits of issues central to the litigation." *BKD, LLP v. Yates*, 367 Ark. 391, 395, 240 S.W.3d 588, 592 (2006). To be a prevailing party, "there must be resolution of the underlying merits of the claims at issue." *Id.*, 240 S.W.3d at 592.

Swindle claims that he prevailed on the issue of his entitlement to the payment of the $24,500. SFB's payment of the $24,500 to Swindle, however, was not made as a result of an adjudication by the circuit court resolving the merits of the issue. Thus, Swindle was not the prevailing party; accordingly, he was not entitled to an award of attorney's fees under section 16-22-308.

In his second issue on appeal, he argues that SFB failed to comply with the requirements of Rule 11 in seeking Rule 11 sanctions because SFB did not provide him with twenty-one days' notice of its proposed Rule 11 motion and never filed a separate motion for sanctions in accordance with Rule 11. In response, SFB acknowledges that it did not comply with Rule 11 but nevertheless asserts that Rule 11(a) permits a court, "upon its own initiative," to impose

4

SLIP OPINION

Rule 11 sanctions, including a reasonable attorney's fee.

In *Weaver v. City of West Helena*, 367 Ark. 159, 238 S.W.3d 74 (2006), this court held that the circuit judge abused his discretion in imposing sanctions under Rule 11. There, Judge L.T. Simes imposed Rule 11 sanctions on his own motion. As in this case, there was no separate motion for sanctions, and the appellant was not given notice that Rule 11 sanctions would be addressed. This court held as follows:

> In summation, the procedural requirements for the imposition of sanctions under Rule 11 were disregarded by Judge Simes, and *the appellant was subjected to a de facto Rule 11 hearing of which he was given no notice*. That hearing occurred before the court attempted to establish the falsity of the allegations in the motion for recusal, and the court ultimately failed to establish that the allegations were false. Judge Simes relied on improper bases in his order imposing the sanctions. For the foregoing reasons, we conclude that Judge Simes abused his discretion by imposing sanctions upon the appellant under Rule 11. Based on the record before us, it appears that Judge Simes has violated the Arkansas Code of Judicial Conduct. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the Arkansas Judicial Discipline and Disability Commission.

*Id*. at 165, 238 S.W.3d at 79 (emphasis added). The clear holding of *Weaver* is that an attorney or party is entitled to notice before the circuit court can impose Rule 11 sanctions.

In *Arkansas Judicial Discipline & Disciplinary Commission v. Simes*, 2011 Ark. 193, 381 S.W.3d 764, Justice Baker, in her dissent, noted that Rule 11(a) states that "[i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction." In considering Rule 11(a), Justice Baker wrote that "[i]n *Weaver*, this court determined that Judge Simes conducted a de facto Rule 11 hearing without notice to Murray and Weaver and stated that 'no separate motion for sanctions was made in this case,

and such a motion is required by Rule 11 before sanctions may be imposed.' This is simply wrong." *Id.* at 26, 381 S.W.3d at 780 (Baker, J., dissenting).

Once this court has interpreted its rules, that interpretation becomes a part of the rule itself. *Arnold v. Camden News Pub. Co.*, 353 Ark. 522, 528, 110 S.W.3d 268, 272 (2003). Thus, at the time sanctions were imposed against Swindle, Rule 11 did not allow a circuit court to impose, without notice, sanctions on an attorney or party on its own initiative.[2] Accordingly, we reject SFB's alternative argument.

We further acknowledge SFB's argument that it is nevertheless entitled to attorney's fees under Arkansas Code Annotated section 16–22–308, which provides that, in a contract action, "the prevailing party may be allowed a reasonable attorney's fee." An award of attorney's fees under section 16–22–308 is not mandatory; rather, it is a matter within the discretion of the circuit court. *S. Bank of Commerce v. Union Planters Nat'l Bank*, 375 Ark. 141, 149, 289 S.W.3d 414, 420 (2008). Despite SFB's argument in its pleadings before the circuit court that it was entitled to attorney's fees under section 16–22–308, the circuit court did not award fees on that basis. Rather, the circuit court awarded attorney's fees as a Rule 11 sanction. Because the circuit court did not award attorney's fees or make a ruling on SFB's request for fees under section 16–22–308, we decline to affirm the award of attorney's fees on this alternative basis.

Affirmed in part; reversed in part; court of appeals opinion vacated.

Special Justice WARREN E. DUPWE joins in this opinion.

---

[2]Rule 11 has since been amended. Under the new rule, this court acknowledges that an attorney or party should have notice and an opportunity to respond, as Rule 11(c)(6) states that if a court is to impose, "[o]n its own initiative," Rule 11 sanctions, then the attorney or party is to be given "a reasonable time to respond, but not less than 14 days."

SLIP OPINION

HANNAH, C.J., and DANIELSON and WOOD, JJ., concur in part and dissent in part.

WYNNE, J., not participating.

**JIM HANNAH, Chief Justice, concurring in part and dissenting in part.** While I concur with the majority opinion that Swindle is not entitled to an award of attorney's fees, I disagree with the majority for the following three reasons. First, I would overrule *Weaver v. City of West Helena*, 367 Ark. 159, 238 S.W.3d 74 (2006), on which the majority relies, because this court misquoted Arkansas Rule of Civil Procedure 11 in that case. Second, I would affirm the circuit court's award of Rule 11 sanctions because the circuit court properly found that Swindle had filed a frivolous lawsuit. Third, I would defer to the superior position of the circuit court in ordering sanctions in this case. For these reasons, I respectfully dissent.

## I. *Facts*

For a better understanding of Swindle's lawsuit, I will provide a more thorough recitation of the facts. Swindle, a licensed attorney in Arkansas, negotiated a settlement with Farm Bureau on behalf of two clients. Farm Bureau sent two settlement checks in the amount of $13,500 and $11,000 to Swindle, and the clients signed the checks. Swindle then deposited the checks into his Interest On Lawyers Trust Account ("IOLTA"), which was held at Arvest Bank. On September 10, 2012, First Security Bank rejected the checks because of a missing endorsement, and on September 18, 2012, First Security Bank again rejected the checks because of an illegible endorsement. In an affidavit, Davia Swindle, a bookkeeper for Swindle Law Firm, stated that Jason Lyles, a bank teller at First Security Bank, told her that there was no problem with the endorsements and that the checks had been returned because of

insufficient funds. On September 28, 2012, Swindle wrote a letter to Farm Bureau and threatened to file suit if he did not receive the money by the close of business that day. Trevitt Blackburn, Senior Adjuster for Farm Bureau, offered to reissue the checks, but Swindle elected to file suit.

On October 1, 2012, Swindle filed an action against Farm Bureau, alleging breach of contract and claiming that he incurred losses totaling $24,500 by the bank's refusal to honor Farm Bureau's checks. Swindle presented an affidavit from two of his employees that Lyles stated that Farm Bureau had insufficient funds in the account for the two checks, but Swindle never presented an affidavit from Lyles himself. On October 24, 2012, Farm Bureau filed its answer. In the answer, Farm Bureau stated that "[d]efendant respectfully asks the court to sanction Plaintiff and to order Plaintiff to pay Defendant the reasonable expenses incurred in defending herein, including a reasonable attorney's fee pursuant to Rule 11 of the Arkansas Rules of Civil Procedure." Farm Bureau did not file a separate Rule 11 motion.

Farm Bureau later reissued the checks to Swindle. On April 9, 2013, Swindle filed a motion for judgment on the pleadings, requesting that the case be dismissed and that he should be awarded attorney's fees. On April 19, 2013, Farm Bureau filed a response to Swindle's motion for judgment on the pleadings and a cross-motion for summary judgment, denying that it had entered into a contract with Swindle, contending that it was the successful party, and asking for Rule 11 sanctions for Swindle's filing a frivolous action. Attached to Farm Bureau's motion for summary judgment were (1) an affidavit of Brenda K. Reynolds, Vice President of First Security Bank, who stated that the illegible endorsement was the only reason that the

8

SLIP OPINION

bank rejected the checks and that Farm Bureau had sufficient funds to cover the checks; (2) an affidavit of Blackburn, who testified that Mayra Palacios, an assistant in Swindle's office, called to tell him that the checks had been rejected and that he told her to call First Security Bank to get an explanation or to bring the checks back to get them reissued; (3) a certified letter from Farm Bureau's attorney stating that the checks would be honored by First Security Bank if they were properly endorsed and presented; (4) emails between Farm Bureau's attorney and Swindle; and (5) a copy of unopened, certified mail returned to sender as unclaimed. In its brief in support, Farm Bureau requested attorney's fees pursuant to Rule 11.

On June 20, 2013, the circuit court found that Farm Bureau did not breach any contract and ruled that "sanctions [were] appropriate against Plaintiff in the form of attorney [sic] fees," granted Farm Bureau's motion for summary judgment, and awarded attorney's fees "leaving a blank for the amount of attorney fees to be awarded." On July 11, 2013, the circuit court entered a final order, and Swindle timely filed his notice of appeal.

## II. *Law and Analysis*

The version of Rule 11 that was in effect when Swindle filed his lawsuit provided in pertinent part as follows:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, *upon motion or upon its own initiative*, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Ark. R. Civ. P. 11(a) (emphasis added).[1] This court has stated that, when a violation of Rule 11 occurs, the rule makes sanctions mandatory. *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995). Whether a violation occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. *Id.* The purpose of Rule 11 is to deter future litigation abuse. *Sanford v. Harris*, 367 Ark. 589, 242 S.W.3d 277 (2006).

The majority mistakenly relies on *Weaver*, 367 Ark. 159, 238 S.W.3d 74, to support its position that, before a circuit court can impose Rule 11 sanctions on its own motion, "an attorney or party is entitled to notice." In doing so, the majority fails to recognize that the *Weaver* court did not quote Rule 11 in its entirety, thereby leaving the impression that there was no authority for a circuit court to act on its own initiative. The *Weaver* court cited Rule 11 as follows:

> Ark. R. Civ. P. 11 states in pertinent part:
>
> (a) The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or to cause any unnecessary delay or increase in the cost of litigation.
>
> (b) A motion for sanctions under this rule shall be made separately from

---

[1] Rule 11 was amended on April 1, 2015, and now states, "On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days." Ark. R. Civ. P. 11(c)(6). We note that the current amendment to Rule 11 is inapplicable to the present case because the former Rule 11 was in effect at the time. *See, e.g.*, *Ligon v. Davis*, 2012 Ark. 440, 424 S.W.3d 863 (applying the version of the rules in effect at the time of the conduct).

other motions or requests and shall describe the specific conduct alleged to violate subdivision (a). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe) the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

*Weaver*, 367 Ark. at 162, 238 S.W.3d at 77.  In doing so, the *Weaver* court omitted the

remaining portion of Rule 11(a), which stated,

> If a pleading, motion, or other paper is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.  If a pleading, motion, or other paper is signed in violation of this rule, *the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction*, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Ark. R. Civ. P. 11 (2006) (emphasis added).

Further, in *Weaver*, this court stated,

> There was no separate motion for sanctions made in this case, and such a motion is required by Rule 11 before sanctions may be imposed. At the January 7 hearing, which was scheduled as a recusal hearing, Judge Simes immediately began a protracted inquiry into possible Rule 11 violations by the appellant.  The appellant was given no notice that Rule 11 would be addressed at the hearing. Judge Simes had Weaver removed from the courtroom initially, and he then conducted an intensive inquiry into Murray's knowledge and application of the Rules of Professional Conduct. The examination generally consisted of Judge Simes reading sizable passages from the rule book aloud, and then questioning Murray on the extent of his knowledge thereof. Murray stated that he was familiar with the rules and had adhered to them in the present case, although he admitted that he could not recite the rule book verbatim. Weaver was then returned to the courtroom and similarly quizzed, as if he were an attorney and familiar with the rules. All this occurred prior to any real inquiry into the veracity of Weaver's allegations supporting the motion to recuse. Judge Simes seemed to presume the falsity of the allegations throughout the proceedings.
>    In summation, the procedural requirements for the imposition of

sanctions under Rule 11 were disregarded by Judge Simes, and the appellant was subjected to a de facto Rule 11 hearing of which he was given no notice. That hearing occurred before the court attempted to establish the falsity of the allegations in the motion for recusal, and the court ultimately failed to establish that the allegations were false. . . . [W]e conclude that Judge Simes abused his discretion by imposing sanctions upon the appellant under Rule 11. Based on the record before us, it appears that Judge Simes has violated the Arkansas Code of Judicial Conduct. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the Arkansas Judicial Discipline and Disability Commission.

367 Ark. at 164–65, 238 S.W.3d at 78–79 (citation omitted).[2]

In *Weaver*, this court clearly misstated the requirements of Rule 11 and implied that the circuit court does not have the authority to act on its own initiative by stating that "[t]here was no separate motion for sanctions . . . in this case, and such a motion is required by Rule 11 before sanctions may be imposed." *Weaver*, 367 Ark. at 164, 238 S.W.3d at 78. The *Weaver* court ignored Rule 11's specific language authorizing the circuit court to act on its own initiative when sanctions are necessary and that, under those circumstances, notice to the attorney or party was not required. For these reasons, I would overrule the *Weaver* case to the extent that it conflicts with the language of former Rule 11.

More significantly, the majority skirts around the circuit court's initial finding that Swindle filed a frivolous lawsuit before then imposing Rule 11 sanctions "upon its own initiative." This threshold finding is critical to any Rule 11 analysis. In its June 20, 2013 order, the circuit court found that Farm Bureau did not breach any contract and

was reasonable in its efforts to correct a situation created by [Swindle] and his

---

[2] Judge Simes did not dispute the procedural errors determined by this court in *Weaver* because he contended that the appropriate remedy for his errors had already been provided through appellate review in the *Weaver* case. *See Simes*, 2011 Ark. 193, 381 S.W.3d 764.

staff. . . . With minimal effort, [Swindle] could have and should have discovered, before rushing to file suit, that the fault, if it falls upon anyone but [Swindle], might fall on the bank which was rejecting the checks, but that [Farm Bureau] had done everything required of it. Instead, [Swindle] filed what amounted to a frivolous claim against [Farm Bureau] without proper and reasonable investigation.

Accordingly, the circuit court ruled that "sanctions [were] appropriate against Plaintiff in the form of attorney [sic] fees[.]" Before the circuit court was evidence, particularly the affidavits of Blackburn and Reynolds, that the checks were returned because of Swindle's failure to obtain proper endorsements. Swindle refused to accept Farm Bureau's offer to reissue the checks in exchange for a return of the original checks and rushed to file his lawsuit. Based on this evidence, I agree with the circuit court's finding that Swindle filed a frivolous claim against Farm Bureau—a ruling that the majority neglects to analyze before reaching the issue of sanctions—and with the ruling to award Rule 11 sanctions.

Finally, our standard of review should dictate the outcome of this case. This court has stated repeatedly that the imposition of sanctions rests within the discretion of the circuit court. *Grand Valley Ridge, LLC v. Metropolitan Nat'l Bank*, 2012 Ark. 121, 388 S.W.3d 24; *Sanford*, 367 Ark. 589, 242 S.W.3d 277; *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994). Having served on the trial bench for twenty-two years, I acknowledge the superior position of the circuit court to determine whether a violation has occurred and whether Rule 11 sanctions are warranted. Thus, in this instance, I would defer to the circuit court's sound judgment and hold that it did not abuse its discretion in finding that Swindle had filed a frivolous lawsuit and in imposing Rule 11 sanctions.

DANIELSON and WOOD, JJ., join.
*Law Offices of Steven H. Kay, P.A.*, by: *Joseph Paul Smith*, for appellant.
*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark* and *Sidney P. Davis, Jr.*, for appellee.