JOSEPHINE LINKER HART, Associate Jüstiee 1 lAppellant, Ken David Swindle, sued appellee, Southern Farm Bureau Casualty Insurance Company (SFB), for breach of contract. SFB moved for summary judgment, and the circuit court granted the motion and awarded attorney’s' fees to SFB pursuant to Rule 11 of the Arkansas Rule's of Civil Procedure! On appeal, Swindle argues that, after filing suit, SFB paid to him the sum he sued for, and thus, he was the prevailing party in the lawsuit and entitled to an award of attorney’s fees under Arkansas Code Annotated section 16-22-308 (Repl. • 1999). ’ He further argues that the circuit court erred in sanctioning him under Rule 11, because SFB did not provide him with notice of their request for sanctions. We affirm the circuit court’s decision to deny him fees as the prevailing party but reverse the circuit court’s | ..decision to sanction Swindle under Rule ll.[1] In his complaint, Swindle alleged that he represented David Doman and Áraceli Perez for damages that they sustained in a motor-vehicle collision. The driver of the other vehicle was insured by SFB. Swindle informed SFB of his attorney’s Kens on Doman’s and Perez’s claims. According to the complaint, SFB offered to settle both Dornan’s and Perez’s claims, and both accepted. Swindle further alleged that he had disbursed $24,500 in reliance on the settlement but that checks written by SFB were never honored by SFB’s bank. Swindle sought recovery of the $24,500. In its answer to Swindle’s complaint, SFB alleged that Swindle’s claims were spurious and not presented in good faith and that the claims were made for an improper purpose such as to harass or to cause unnecessary delay and needlessly increase the cost of litigation. SFB asked that the circuit court dismiss the lawsuit, sanction Swindle under Rule 11, and order Swindle to pay the costs of litigation, including an attorney’s fee. Swindle moved for a “judgment on the pleadings.” In his motion, he stated that he had filed the action in order to receive payment on a contract, that SFB had issued payment, and that he had received the funds. He asserted that because he had obtained the reKef he sought, there was no material issue of fact remaining on the underlying issue. He concluded that the only remaining issue to be considered was his request for attorney’s fees. He requested that a judgment be entered by the court finding in his favor and reserving the assessment of costs and attorney’s fees. |RIn response, SFB asserted that Swindle’s receipt of the funds was not the result of his filing of a cause of action and denied that Swindle was entitled to an award of attorney’s fees. SFB further asserted that the complaint should be dismissed and that the court should award SFB costs and attorney’s fees, either as the prevaiKng party in a contract suit or as sanctions pursuant to Rule 11. No hearing was held. In its order granting summary judgment to SFB, the circuit court concluded that Swindle had filed a frivolous claim against SFB without proper and reasonable investigation. The court granted SFB summary judgment and imposed sanctions in the form of awarding attorney’s fees to SFB. In a separate order, the court awarded attorney’s fees and expenses in the sum of $6785.65. Swindle raises two issues on appeal. In his first issue, he observes that the underlying question — his entitlement to the payment of the $24,500 by SFB— was resolved in his favor by SFB’s payment of the funds to him. He argues that because SFB paid him after he had filed his complaint for breach of contract, he was the prevailing party in the lawsuit, and thus, he was entitled to an award of attorney’s fees. This issue is one of statutory interpretation, and bur review is de novo because it is for this court to decide what a statute means. See, e.g., Berryhill v. Synatzske, 2014 Ark. 169, at 4, 432 S.W.3d 637, 640. Arkansas Code Annotated section 16-22-308 (Repl. 1999) provides as follows: In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney’s fee to be assessed by the court and collected as costs. I/The statute provides that in an action for breach of contract, the “prevailing party” may be allowed a reasonable attorney’s fee. This court has noted federal precedent for the proposition “that in a judicial process the plaintiff seeks damages or some change in position by the defendant, and regardless of how that is achieved, by settlement, trial, or otherwise, the plaintiff then is the prevailing party.” Burnette v. Perkins & Assocs., 343 Ark. 237, 243, 33 S.W.3d 145, 150 (2000). This court held, however, that “prevailing party contemplates at least some adjudication on the merits of the actions.” Id., 33' S.W.3d at 151.- The “key to being the prevailing party is that there has- been an adjudication on the merits of issues central to the litigation.” BKD, LLP v. Yates, 367 Ark. 391, 395, 240 S.W.3d 588, 592 (2006). To be a prevailing party, “there must be resolution of the underlying merits of the claims at issue.” Id., 240 S.W.3d at 592. Swindle claims that he prevailed on the issue of his entitlement to the payment of the $24,500. SFB’s payment of the $24,500 to Swindle, however, was not made as a result of an adjudication by the circuit court resolving the merits of the issue. Thus, Swindle was not the prevailing party; accordingly, ’ he was not entitled to an award of attorney’s fees under section 16-22-308. In his second issue on appeal, he argues that SFB failed to comply with the requirements of Rule 11 in seeking Rule 11 sanctions because SFB did not provide him with twenty-one days’ notice of its proposed Rule 11 motion and never filed a separate. motion for sanctions in accordance with Rule 11. In response, SFB acknowledges that it did not comply with Rule 11 but nevertheless asserts that Rule 11(a) permits a court, “upon its own initiative,” to impose | sRule 11 sanctions, including a reasonable attorney’s fee. In Weaver v. City of West Helena, 367 Ark. 159, 238 S.W.3d 74 (2006), this court held that the circuit judge abused his discretion in imposing sanctions under Rule 11. There, Judge L.T. Simes imposed Rule 11 sanctions on his own motion. As in this case, there was no separate motion for sanctions, and the appellant was not given notice that Rule 11 sanctions would be addressed.- This court held as follows: In summation, the procedural requirements for the imposition of sanctions under Rule 11 were disregarded. by Judge Simes, and the appellant was subjected to a do facto Rule 11 hearing of which he was ,given no notice. That hearing occurred before the court 'attempted to establish the falsity of the allegations in the motion for recusal, and the court ultimately failed to establish that the allegations were false. Judge Simes relied on improper bases in his order imposing the sanctions. For the foregoing reasons, we conclude that Judge Simes abused .his discretion by imposing sanctions upon the appellant under Rule 11. Based on the record before us, it appears that Judge Simes has violated the Arkansas Code of Judicial Conduct. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the Arkansas Judicial Discipline and Disability Commission. Id. at 165, 238 S.W;3d at 79 (emphasis added). The clear holding of Weaker is that an attorney or party is entitled to notice before the circuit court can impose Rule 11 sanctions. In Arkansas Judicial Discipline & Disciplinary Commission v. Simes, 2011 Ark. 193, 381 S.W.3d 764, Justice Baker, in her dissent, noted that Rule 11(a) states that “[i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon 'motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.” In considering Rule 11(a), Justice Baker wrote that “[i]n Weaver, this court determined that Judge Simes conducted a de facto Rule 11 hearing without notice to Murray and Weaver and stated that ‘no separate motion for sanctions was made in this case, | fiand such a motion is required by Rule 11 before sanctions may be imposed.’ This is simply wrong.” Id. at 26,.381 S.W.3d at 780 (Baker, J., dissenting). Once this court has interpreted its rules, that interpretation becomes a part of the rule itself. Arnold v. Camden News Pub. Co., 353 Ark. 522, 528, 110 S.W.3d 268, 272 (2003). Thus, at the time sanctions were imposed against Swindle, Rule 11 did not allow a circuit court to impose, without notice, sanctions on an attorney or party on its own initiative.[2] Accordingly, we reject SFB’s alternative argument. We further acknowledge SFB’s argument that it is nevertheless entitled to attorney’s fees under Arkansas Code Annotated section 16-22-308, which provides that, in a contract action, “the prevailing party may be allowed a reasonable attorney’s fee.” An award of attorney’s fees under section 16-22-308 is not mandatory; rather, it is a matter within the discretion of the circuit court. S. Bank of Commerce v. Union Planters Nat’l Bank, 375 Ark. 141, 149, 289 S.W.3d 414, 420 (2008). Despite SFB’s argument in its pleadings before the circuit court that it was entitled to attorney’s fees under section 16-22-308, the circuit court did not award fees ón that basis. Rather, the circuit court awarded attorney’s fees as a Rule 11 sanction. Because the circuit court did not award attorney’s fees or make a ruling on SFB’s request for fees under section 16-22-308, we decline to affirm the award of attorney’s fees on this alternative basis. Affirmed in part; reversed in part; court of appeals opinion vacated. Special Justice Warren E. Dupwe joins in this opinion. Hannah, C.J., and Danielson and Wood, JJ., concur in part and dissent in part. Wynne, J., not participating. . Given our conclusions, we need not address whether Swindle’s complaint sounded in eon-tract or consider the evidentiary arguments raised by Swindle in his brief. . Rule 11 has since been amended. Under the new rule, this court acknowledges that an attorney or party should have notice and an opportunity to respond, as Rule 11(c)(6) states that if a court is to impose, ”[o]n its own initiative,” Rule 11 sanctions, then the attorney or party is to be given “a reasonable time to respond, but not less than 14 days.”