Cite as 2020 Ark. App. 510

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-20-101

|  |  |
|---|---|
| CRAIN AUTOMOTIVE HOLDINGS, LLC; CRAIN KIA OF NORTH LITTLE ROCK; CRAIN HYUNDAI OF SPRINGDALE, LLC, D/B/A CRAIN HYUNDAI OF FAYETTEVILLE; AND CRAIN IMPORTS OF FAYETTEVILLE, LLC    APPELLANTS | **Opinion Delivered** November 4, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-19-1560]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| V. |  |
| JAMES MORGAN, GREGORY CLINTON, AND JASON READER    APPELLEES | REVERSED |

## N. MARK KLAPPENBACH, Judge

Appellants Crain Automotive Holdings, LLC; Crain Kia of North Little Rock; Crain Hyundai of Springdale, LLC, d/b/a Crain Hyundai of Fayetteville; and Crain Imports of Fayetteville, LLC, appeal from the Pulaski County Circuit Court's order for attorney's fees. Appellees James Morgan, Gregory Clinton, and Jason Reader sought attorney's fees under Arkansas Code Annotated section 16-22-308 (Repl. 1999) as the prevailing parties in a contract action. The circuit court granted appellees' motion for fees. We reverse.

Appellants filed suit against appellees, their former employees, alleging breach of nonsolicitation agreements. Appellees filed a motion to dismiss the complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Appellants amended their complaint, and appellees again filed a motion to

dismiss. Following a hearing, the circuit court granted appellees' motion and dismissed the amended complaint without prejudice. Appellees subsequently filed a motion for attorney's fees alleging that they were the prevailing parties and were entitled to attorney's fees as provided in Arkansas Code Annotated section 16-22-308. Appellants filed a response in opposition to the motion alleging in part that appellees were not prevailing parties for the purpose of an award of attorney's fees. The circuit court granted appellees' motion and awarded attorney's fees in the amount of $4805.01. Appellants filed a timely notice of appeal from the order for attorney's fees.

As they did below, appellants rely on *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000), in arguing that the dismissal without prejudice of the contract action did not make appellees the prevailing parties under section 16–22-308. This statute provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The supreme court in *Burnette* addressed whether a judgment of dismissal without prejudice qualified the defendants as prevailing parties under the statute. The supreme court held that

> one must prevail on the merits in order to be considered a prevailing party under Ark. Code Ann. § 16–22-308. A dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party can be stated with certainty. The potential for further litigation on the same issues with possibly contrary outcomes precludes the identification of a prevailing party for purposes of the statute.

*Burnette*, 343 Ark. at 242, 33 S.W.3d at 149–50 (footnote omitted).

2

Accordingly, because appellants' complaint was dismissed without prejudice, appellees were not the prevailing parties under section 16-22-308. They were thus not entitled to attorney's fees under the statute. The order awarding attorney's fees is reversed.

Reversed.

ABRAMSON, J., agrees.

GRUBER, C.J., concurs.

**RITA W. GRUBER, Chief Judge, concurring**. I agree with the majority's decision to reverse on the basis of our supreme court's decision in *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000). I write separately to express my concern about our jurisdiction.

Whether a judgment, decree, or order is final is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. Ark. R. App. P.–Civ. 2. Where no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal. *Ford Motor Co. v. Harper*, 353 Ark. 328, 330, 107 S.W.3d 168, 169 (2003). A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Jacobs v. Collison*, 2016 Ark. App. 547, at 2, 505 S.W.3d 254, 255. An order awarding attorney's fees is not a final, appealable order but rather a collateral order from which no appeal may be entertained unless a final order has been entered in the case. *Dodge v. Lee*, 350 Ark. 480, 486–87, 88 S.W.3d 843, 847 (2002); *see also Peraza v. United Fin. Cas. Co.*, 2015 Ark. App. 5, at 4, 453 S.W.3d 693, 695.

When a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal is without prejudice. *Sluder v. Steak & Ale of Little Rock, Inc.*, 368 Ark. 293, 298, 245 S.W.3d 115, 118 (2006). The plaintiff then has the election to either plead further or appeal. *Id.* If the plaintiff chooses to appeal, he or she waives the right to plead further in the event of an affirmance by the appellate court, *Berry ex rel. Dillard's, Inc. v. Dillard*, 2011 Ark. App. 242, at 12, 382 S.W.3d 812, 820, and the complaint will be dismissed with prejudice. *Id.*

Here, appellant did not appeal from the court's dismissal of his complaint. Rather, appellant appealed only the court's collateral order awarding attorney's fees. It is not clear from our caselaw whether a dismissal without prejudice under 12(b)(6) constitutes a final order sufficient to allow an appeal of a collateral order awarding attorney's fees. Our supreme court has held that an order dismissing a case without prejudice under Rule 4(i) of the Arkansas Rules of Civil Procedure is not a final, appealable order because the plaintiff may refile his case and is in no different position than a plaintiff who involuntarily nonsuits his claims. *Nooner v. Kelley*, 2019 Ark. 80, at 2, 568 S.W.3d 766, 767. Indeed, in *Burnette*, noting the potential for future litigation on the same issues, our supreme court held that a "dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party can be stated with certainty." *Burnette*, 343 Ark. at 242, 33 S.W.3d at 149. This certainly suggests that such an order is not final and, thus, would preclude an appeal from a collateral order without a certificate under Rule 54(b) to invoke our jurisdiction.

However, there is no mention of a jurisdictional issue or of a Rule 54(b) certificate in *Burnette*, where, much like this case, the party suffering the 12(b)(6) did not appeal the dismissal order; nevertheless, the supreme court entertained defendant's appeal of the circuit court's collateral order denying attorney's fees. Accordingly, I agree with the majority to reverse this case in light of the precedent set by *Burnette*.

*Davidson Law Firm*, by: *Stephen L. Gershner*, for appellant.

One brief only.